Angela WALLER, Claimant/Appellant,

v.

A.C. CLEANERS MANAGEMENT, INC., Employer/Respondent,

and

Division of Employment Security, Respondent/Respondent.

No. ED 96924.

Missouri Court of Appeals, Eastern District, Division Two.

March 20, 2012.

Angela Waller, St. Louis, MO, Acting pro se.

Richard S. Bender, Rosenblum, Goldenhersh, Silverstein & Zafft, David G. Bender, Clayton, MO, for respondent A.C. Cleaners.

Leah Williamson, Jefferson City, MO, for respondent Missouri Department of Labor and Industrial Relations Division of Employment Security.

KATHIANNE KNAUP CRANE, Presiding Judge.

Claimant, Angela Waller, appeals *pro se* from an order of the Labor and Industrial Relations Commission (Commission) affirming the decision of the Appeals Tribunal of the Division of the Employment Security (Appeals Tribunal) finding claimant disqualified from unemployment benefits. It determined that claimant was terminated for misconduct connected with work within the meaning of section 288.050.2 RSMo (Cum.Supp.2006).[1] Because claimant's amended brief fails to comply with Rule 84.04, we dismiss this appeal.

The Commission adopted the decision of the Appeals Tribunal[2] concluding that claimant was discharged for misconduct connected with work because she used a cell phone while operating a high-temperature machine. The Commission found that there was a policy against cell phone use while operating the machine, that the poli-

---

1. All further statutory references refer to RSMo (Cum.Supp.2006), unless otherwise indicated.

2. Claimant was present and was represented by counsel at the hearing before the Appeals Tribunal.

cy was reasonable, and that the employer had told claimant of the policy when she was hired and by subsequent warnings. It further found that there was conflicting evidence and testimony, and employer's witness was more credible.

■ On appeal from this decision, claimant filed a brief that did not comply with Rule 84. We notified claimant by order that her original brief failed to comply with Rule 84 in at least the following ways:

(1) inadequate jurisdictional statement, 84.04(b);

(2) fails to contain a table of contents, table of cases and table of authorities, 84.04(a);

(3) fails to provide a fair and concise statement of facts, 84.04(c), with citation to specific page references to the record on appeal, 84.04(i);

(4) fails to include points relied on that specifically identify the action of the commission being challenged and the legal reasons for the appellant's claim of reversible error with citation to all authorities, not to exceed four, immediately following, 84.04(d)(2) & (5);

(5) fails to contain an argument conforming to the points relied on and fails to contain citations to pertinent legal authority, and no reference to accurate standard of review, 84.04(e);

(6) appendix fails to comply with Rule 84.04(h);

(7) fails to include the certification under Rule 84.06(c);

(8) no certification that disk was scanned and is virus-free, 84.06(g); and

(9) fails to provide a certificate of service on the opposing parties, 84.05(a).

We gave claimant an opportunity to file an amended brief that complied with Rule 84. We stated that if claimant failed to do so, "this appeal shall be dismissed."

We hold *pro se* appellants to the same standards as attorneys. *Smith v. City of St. Louis Civil Service Com'n,* 216 S.W.3d 698, 699 (Mo.App.2007); *Kramer v. Park–Et Restaurant, Inc.,* 226 S.W.3d 867, 869 (Mo.App.2007); *McGill v. Boeing Co.,* 235 S.W.3d 575, 577 (Mo.App. 2007). All appellants must comply with the Supreme Court Rules, including Rule 84.04, which governs the contents of appellate briefs. *Smith,* 216 S.W.3d at 699. We are mindful of the problems that a *pro se* litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a *pro se* appellant preferential treatment with regard to complying with the rules of appellate procedure. *Kramer,* 226 S.W.3d at 869: *McGill,* 235 S.W.3d at 577. A brief that substantially fails to comply with Rule 84.04 is inadequate to invoke the jurisdiction of this court and must be dismissed. *Smith,* 216 S.W.3d at 699. Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal,"

*Covington v. Better Business Bureau,* 253 S.W.3d 95, 97 (Mo.App.2008).

■ Claimant's amended brief still violates each of the subsections of Rule 84 set out in our order. First, the jurisdictional statement is still inadequate because it does not identify the provision or provisions of Article V, section 3, of the constitution on which jurisdiction is predicated, in violation of Rule 84.04(b). *See McGill v. Boeing Co.,* 235 S.W.3d 575, 577 (Mo.App. 2007). Second, although the brief contains a table of contents, the page references are inaccurate, in violation of Rule 84.04(a)(1). Third, although the brief now contains a

"Table of Authorities," most of the authorities listed do not appear on the pages listed, again in violation of Rule 84.04(a)(1).

■■■■ Next, claimant's amended brief incorporates the same statement of facts that was contained in her original brief, and she has not provided a fair statement of facts, as required by Rule 84.04(c). "The primary purpose of the statement of facts is to set forth an immediate, accurate, complete and unbiased understanding of the facts of the case." *Rice v. State, Dept. of Social Services*, 971 S.W.2d 840, 842 (Mo.App.1998). An appellant is required to provide "a statement of the evidence in the light most favorable to the verdict, not simply recount [appellant's] version of the events." *Hoer v. Small*, 1 S.W.3d 569, 572 (Mo.App.1999). Here, the statement of facts contains claimant's version of events. Further, claimant continues to fail to support her facts with citations to specific page references to the record on appeal, as required by Rule 84.04(i). Claimant's sole references to the record in her statement of facts are four references to "Tr. 101." However, there is no page 101 in the record on appeal; rather, the transcript ends at page 47, and the legal file ends at page 21. The unsupported factual assertions in the amended brief provide no basis for appeal. *Rice*, 971 S.W.2d at 842.

■■■■ The points relied on do not conform to Rule 84.04(d)(2)(c). The first point consists of a sentence stating that claimant was not informed of the cell phone policy, a sentence stating that "unemployment is denied for misconduct," and a sentence stating that the Commission did not take into consideration the definition of misconduct in section 288.030.1(24) (which defines "referee," not misconduct). The second point asserts the Commission erred in "not receiving" evidence from employer that claimant was discharged for misconduct. Rule 84.04(d)(2)(c) sets out the specific format for a point relied on when, as here, the appeal is from an administrative decision:

> The point shall be in substantially the following form: "The [name of agency] erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review], in that [explain why, in the context of the case, the legal reasons support the claim of reversible error].

This rule provides a "virtual 'roadmap' for the preparation of a point relied on in an appellate brief when the review is of a decision of an administrative agency." *Bowers v. Hiland Dairy Co.*, 132 S.W.3d 260, 264 (Mo.App.2004). The "challenged ruling or action" refers to an action taken by the agency. The legal reason for the error must refer to the applicable statute authorizing review. In unemployment compensation cases, this means that the error must explicitly refer to one of the four statutory grounds for reversal set out in section 288.210 RSMo (2000).[3] *Parker v. Action Contracting Corp.*, 100 S.W.3d 168, 171 (Mo.App.2003). Finally, the point must "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(2)(C). It should provide insight into the facts of the case that support

---

**3.** On appeal from a Commission decision in an unemployment case, we may modify, reverse, remand, or set aside the decision if the Commission acted without or in excess of its powers, the decision was procured by fraud, the decision is not supported by the facts, or the decision is not supported by sufficient competent evidence in the record. *Ayers v. Sylvia Thompson Residence Center*, 211 S.W.3d 195, 197–98 (Mo.App.2007); section 288.210 RSMo (2000).

a claim of an error in the administrative agency ruling or action. *Henson v. Henson*, 195 S.W.3d 479, 483 (Mo.App.2006). It must inform the court why the testimony or evidence supports a conclusion that the agency erred. *Id.*

█ Moreover, claimant's first point violates the rule that separate errors should be set out in separate points. *See Chipperfield v. Mo. Air Conservation Com'n*, 229 S.W.3d 226, 235 n. 10 (Mo.App.2007); *Lamar Adver. of Mo. Inc. v. McDonald*, 19 S.W.3d 743, 745 (Mo.App.2000). Finally, the points relied on are not followed by a list of any legal authorities, in violation of Rule 84.04(d)(5). "Insufficient points relied on preserve nothing for appellate review and constitute grounds for dismissal." *Parker*, 100 S.W.3d at 171.

Next, neither of the arguments under the points relied on contains a legal argument addressing issues that this court can review in an appeal from a Commission decision. Rather, claimant argues that she was not informed of the policy against using a cell phone while operating a press, but does not provide a legal argument tying this to an error made by the Commission or explaining the basis for any such error. She also argues that employer did not supply "proof" to support employer's representative's testimony, but again does not provide a legal argument tying this to an error made by the Commission or explaining the basis for any such error. Further, there are no page references to the legal file or the transcript for any factual statement in the argument as required by Rule 84.04(i). In addition, claimant does not provide a Standard of Review for each argument as required by Rule 84.04(c). Rather, she provides a paragraph at the end of her brief that is entitled "Standard of Review," in which she reiterates her version of the facts and requests reversal.

█ The Appendix violates Rule 84.04(h) in multiple ways. Most importantly, it does not contain a copy of the Commission's decision from which the appeal was taken or the text of any statute on which claimant relies, in violation of Rules 84.04(d)(1) and (2). *See McGill*, 235 S.W.3d at 577. The appendix contains an untitled, unidentified three-page narrative that does not appear to be part of the record on appeal, in violation of E.D. Mo. Rule 365. Further, the pages of the appendix are not numbered, and the individual documents in the appendix are not identified in a table of contents, all in violation of Rule 84.04(h).

Finally, although the brief contains the words of a Rule 84.06(c) certification, it has a blank space for the number of words in the brief, in violation of Rule 84.06(c). There is no certification that the disk was scanned and is virus free, as is required by Rule 84.06(g); and the Certificate of Service shows service only on the Division and not on employer, in violation of Rules 84.05 and 43.01, which require service on all parties.

█ Our conclusion in *McGill* applies here:

Clearly, Claimant's amended brief fails to comply with Rule 84.04, preserves nothing for our review, and is inadequate to invoke the jurisdiction of this Court. *Gant*, 153 S.W.3d at 866; *Davis*, 93 S.W.3d at 743. We should not be expected to decide this case on the basis of inadequate briefing or to undertake additional research and scour the record to cure such a deficiency. *Davis*, 93 S.W.3d at 743, *citing Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). Furthermore, we will not become an advocate for Claimant by speculating about the relevant facts and arguments he failed to make. *Kramer*,

226 S.W.3d at 870. While perfection is not required, compliance with the briefing requirements pursuant to Rule 84.04 is mandatory. *Id.* Here, the deficiencies of Claimant's amended briefs are so substantial, we could not conduct any meaningful review without taking an inappropriate position of ferreting out and reconstructing the facts of the case, speculating about the possible claims of error, and crafting an argument on Claimant's behalf. *See Id.* 235 S.W.3d at 578. Moreover, we described the deficiencies in claimant's original brief in detail when we ordered claimant to file an amended brief that complied with Rule 84.04. Failure to comply with appellate court orders is also grounds for dismissal of the appeal. *In re Marriage of Weinshenker,* 177 S.W.3d 859, 862 (Mo.App.2005).

Claimant's amended brief so substantially fails to comply with the briefing requirements of Rule 84.04 that her appeal is unreviewable. The appeal is dismissed.

KENNETH M. ROMINES, J., concurs.

ROBERT M. CLAYTON III, J., dissents.

ROBERT M. CLAYTON III, J., dissents.

I respectfully dissent. I disagree with the majority in its assessment of Waller's *pro se* appellant's brief. The majority correctly notes we hold *pro se* appellants to the same standards as attorneys and expect such appellants to comply with the briefing requirements set forth in Rule 84.04. However, we are not required to dismiss every technically deficient brief. Instead, the decision of whether to dismiss a brief is left to our discretion, *Lanham v. Div. of Employment Sec.,* 340 S.W.3d 324, 327 (Mo.App. W.D.2011). Generally, we choose not to exercise that discretion un-

less the deficiencies impede disposition on the merits of the appeal. *Id.* We prefer to resolve an appeal on the merits rather than dismiss the appeal for briefing deficiencies. *Id.*

In the present case, rather than hold Waller to the same standard as attorneys filing appellant's briefs, Waller is held to a higher standard. The technical deficiencies highlighted in the majority opinion, including such mistakes as incorrect page references, omitted page numbers, failure to include certain citations to the record, incorrect citations, and a subjective recitation of the facts, are not uncommon occurrences before this Court. Waller's amended brief proved a significant improvement from her original filing.

The majority cites *McGill v. Boeing Co.,* 235 S.W.3d 575, 577 (Mo.App. E.D.2007) in support of its conclusion that Waller's brief is so deficient as to preclude our review. However, the brief in *McGill* was substantially more deficient than Waller's amended brief in the present case. This Court in *McGill* concluded that where the deficiencies were so substantial, we could not conduct meaningful review of the claims without taking "an inappropriate position of ferreting out and reconstructing the facts of the case, speculating about the possible claims of error, and crafting an argument on Claimant's behalf." 235 S.W.3d at 578. Here, Waller's brief was not so deficient, and its shortcomings do not impede our ability to render a decision on the merits of the case.

It is clear from her amended brief that Waller is claiming the Commission erred in finding she was discharged for misconduct because she was not informed of a policy against talking on her cell phone while operating machinery, and she could not violate a policy about which she was unaware. In addition, she claims the Commission's decision to deny her unem-

ployment benefits because she was discharged for misconduct connected with work was not supported by "competent and substantial evidence" in the record. These claims are sufficiently ascertainable such that Waller's employer, A.C. Cleaners Management, Inc. and the Division of Employment Security were able to respond appropriately. I would review her claims on the merits rather than dismiss her appeal.

With respect to the merits of Waller's claims of error, generally an employee bears the burden of proving he or she is eligible for unemployment compensation benefits. *Duncan v. Accent Mktg., LLC,* 328 S.W.3d 488, 491 (Mo.App. E.D.2010). However, if an employer claims an employee was discharged for misconduct, the burden shifts to the employer to prove by a preponderance of the evidence that the employee willfully or intentionally violated the employer's rules. *Id.* The violation of an employer's rule or policy can constitute misconduct; however, it is not dispositive proof of misconduct connected with the work. *Tenge v. Washington Group Int'l,* 333 S.W.3d 492, 496–97 (Mo.App. E.D. 2011). Instead, the violation of a reasonable work rule serves only as a relevant factor in determining whether the behavior at issue is misconduct sufficient to disqualify a claimant from benefits. *Id.*

Misconduct is defined as "an act of wanton or willful disregard of the employer's interest; a deliberate violation of the employer's rules ..." Section 288.030.1(23). The term "misconduct" should not be literally construed to result in an employee's forfeiture of benefits except in clear circumstances. *Tenge,* 333 S.W.3d at 496. Instead it should be construed in a manner least favorable to forfeiture to minimize the penal character of the provision by excluding those cases clearly not intended to fall within the exception. *Id.*

Here, I do not believe there was competent and substantial evidence in the entire record to support a finding that Waller willfully and deliberately violated Employer's policy. At most, the record reflects Waller's decision to answer a call from a repairman on her cell phone while operating machinery was poor judgment. Therefore, I would review Waller's claims on the merits and reverse the Commission's decision that Waller was disqualified from receiving benefits because she was discharged for misconduct connected with her work.