Homer HERGINS, Jr., Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. WD 73190.

Missouri Court of Appeals,
Western District.

June 19, 2012.

Homer Hergins, Jr., Appellant Pro Se.

Larry Raymond Ruhmann, Jefferson
City, MO, for respondent.

Division Three: KAREN KING
MITCHELL, P.J., JAMES M. SMART,
JR., and GARY D. WITT, JJ.

JAMES M. SMART, JR., Judge.

Homer Hergins, Jr., appealed the decision of the Labor and Industrial Relations Commission ("Commission") affirming the determination that he was ineligible for Emergency Unemployment Compensation benefits in Missouri during the same period of time that he was eligible to claim regular unemployment benefits from the State of Kansas. On March 6, 2012, we vacated that ruling and remanded the matter to the Commission to remand the case to the Division of Employment Security with instructions. On or about March 20, 2012, the Division moved for rehearing pursuant to Rule 84.17. We granted rehearing.

In July 2008, Homer Hergins, Jr., after having lost his job, began receiving unemployment benefits through the Missouri Division of Employment Security ("Division"). The record shows that after exhausting his regular unemployment compensation in Missouri on April 18, 2009, Hergins filed for extended benefits in Missouri under the Federal Emergency Unemployment Compensation Act of 2008. On April 19, 2009, Hergins was granted Emergency Unemployment Compensation ("EUC") in the amount of $320.00 per week. Hergins claimed EUC benefits for each week during the period of time between April 19, 2009 and July 18, 2009. Hergins also received $25.00 per week in Federal Additional Compensation ("FAC")[1] benefits beginning on April 19,

1. These benefits are paid pursuant to the American Recovery and Reinvestment Act of

2009 (see 26 U.S.C. § 3304).

2009 through July 18, 2009. During the process of filing his initial claim for regular unemployment benefits in Missouri and also during the filing of his claim for EUC benefits, Hergins was in contact with Division representatives. At that time, Hergins was advised to continue filing weekly claims in Missouri for EUC benefits. After exhausting his extended benefits, Hergins filed a claim for regular unemployment compensation in the State of Kansas, effective July 19, 2009.

Subsequently, the Division was contacted by the Kansas Department of Labor and informed that Hergins was eligible to have received regular unemployment benefits in Kansas during the same period of time (beginning April 19, 2009) that he was receiving EUC benefits in Missouri. A deputy with the Division determined that Hergins was not eligible to claim and receive EUC benefits in Missouri when, during the same time, he was eligible to claim and receive regular unemployment benefits in Kansas. The Division deputy also, in a separate case bearing a separate case number, determined that Hergins had been overpaid EUC benefits in the amount of $4,485.00 during the period of ineligibility. The Division issued these determinations on June 10, 2010.

Hergins appealed both of the Division's determinations to the Appeals Tribunal. On August 16, 2010, the Appeals Tribunal conducted a hearing as to Appeal No. 10–21279 (the eligibility issue) and as to Appeal No. 10–21280 (the overpayment issue). Hergins testified, and one witness for the Division, Linda Hafley, testified. After the hearing, the Tribunal issued its decision, affirming the Division's determinations. In Appeal No. 10–21279, the Appeals Tribunal entered the following as pertinent part of its analysis:

The issue is whether the claimant is eligible beginning April 19, 2009, to a claim in Missouri for Emergency Unemployment Compensation (EUC). The claimant received unemployment compensation pursuant to the Emergency Unemployment Compensation Act and Federal Additional Compensation (FAC), for the period between April 19, 2009 and July 18, 2009. The claimant was eligible for benefits during that period on a Kansas claim. The claimant is not eligible to file claims in Missouri, when he is eligible in Kansas for the same period, pursuant to Section 288.040.5, RSMo., and the Federal Emergency Unemployment Compensation Act. Therefore, the claimant is ineligible from June 7, 2009 through September 29, 2009, because the claimant is eligible for benefits from another State. The claimant has acted forthrightly in his dealings with the Division. However, the Appeals Tribunal lacks the authority to contravene the law. The Appeals Tribunal must conclude that the claimant is ineligible for the period at issue.

The Appeals Tribunal determined that claimant was ineligible for EUC benefits from Missouri for the period from April 19, 2009 through July 18, 2009, because the claimant was eligible for benefits in Kansas during that period. The Appeals Tribunal also issued a decision in Appeal No. 10–21280, directing recovery of overpayments from Hergins. Hergins, through inadvertence or misunderstanding, failed to appeal that decision; Hergins appealed only 10–21279 to the Commission. The Commission, in 10–21279, affirmed and adopted the Appeals Tribunal's decision. Hergins appeals the Commission's decision to this court.

## Standard of Review

Appellate review of a decision made by the Labor and Industrial Relations Com-

mission is governed by section 288.210, RSMo.[2] *Dixon v. Stoam Indus., Inc.*, 216 S.W.3d 688, 692 (Mo.App.2007). An appellate court may modify, reverse, remand for rehearing, or set aside the Commission's decision only if it finds that: 1) the Commission acted without or in excess of its powers; 2) the decision was procured by fraud; 3) the decision is not supported by the facts; or 4) the decision is not supported by sufficient competent evidence in the record. § 288.210; *Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 197–98 (Mo.App.2007).

## Analysis

In his Point Relied On, Hergins does not dispute the Commission's factual findings as to the eligibility issue, nor does he argue that the Commission erred as a matter of law. Rather, Hergins' sole argument is that he should not be required to reimburse the Division for the amount of overpaid benefits because he "complied with all the requirements to receive the unemployment compensation" and did not act in bad faith or willfully withhold information from the Division. Thus, he believes there must be some relief for him under the law. He notes that the Division gave him instructions as to how to proceed, and he was entirely in good faith in his dealings. The entire thrust of his comments demonstrates that he thinks he is appealing case No. 10–21280 (the ruling involving repayment). And this court also thought that he was appealing that decision.

Logically, it would seem that the issue of Hergins' eligibility must have been consid-ered part and parcel of the issue of repayment, and not a separate issue from the issue of repayment. Unfortunately, however, there was a separation between these two concepts in that there were two cases in the Division, one dealing with the eligibility issue (No. 10–21279), and one dealing with the repayment issue (No. 10–21280). The cases were taken up at the same time by the Appeals Tribunal in a consolidated hearing, but two decisions bearing separate numbers and deciding different issues were issued. Hergins appealed only one decision to the Commission. The Commission affirmed that case (10–21279). Hergins then appealed the ruling of the Commission to this court.

The brief of the Division before this court noted that Hergins had appealed only the eligibility determination, but also nevertheless discussed the repayment issue (because that case was the thrust of Hergins' argument). Like Hergins, we did not recognize the significance of the fact that Hergins appealed only one of those rulings—the ruling as to the eligibility issue. The Division has called to our attention the difference between the eligibility decision and the overpayment decision. We incorrectly assumed that we were entitled to decide all issues related to repayment.[3] We were wrong in that assumption.

We are authorized to grant judicial review only in cases that have been appealed to the Commission, and then from the Commission to this court. *See* § 288.210. We find that the application for review executed by Hergins to the Commission

---

2. All statutory citations are to the Revised Statutes of Missouri, 2000 RSMo, as updated through the cumulative supplement 2010, unless otherwise indicated.

3. For traditional thinking lawyers, it might seem somewhat like the Division was "split-ting its cause of action." In any event, this court's power does not extend to supervising administrative agency practice unless a practice is contrary to statute or there are issues of due process or other constitutional problems presented.

referred specifically to No. 10–21279 (the eligibility decision) and only to that decision. The decision in 10–21280 is now final because it was not timely appealed. We regret that we cannot address on the merits the issue that Hergins attempted to submit for decision.[4] However, Hergins unfortunately did not appeal *the overpayment* determination reached in Appeal No. 10–21280 to the Commission. Accordingly, we lack legal authority to address the issues related to overpayment. Because the decision as to eligibility (10–21279) is not contested on substantive legal grounds, we have no choice but to affirm that decision.

## Conclusion

The Commission's decision in 10–21279 is supported by substantial evidence. We must reluctantly affirm the Commission's ruling in 10–21279. Judgment affirmed.

All concur.

---

4. Hergins argued only equity, without legal authority; nevertheless, we were initially willing to consider *sua sponte* whether the applicable federal statute was properly followed by the Division. The Division asserts that even if we had possessed authority to address the merits of the repayment decision, we would have had no legal authority to do anything other than affirm. We, assume, but do not decide, that the Division is correct.