## In the ESTATE OF A.T., Minor.

### No. ED 98024.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 2012.

Shanay Brenner, St. Louis, MO, pro se.

Marie A. Kenyon, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

Appellant Shanay Brenner ("Petitioner") appeals pro se from the judgment entered by the Probate Division of the Circuit Court of the City of St. Louis dismissing her Petition for Writ of Habeas Corpus, seeking to obtain a determination as to the guardianship and custody of A.T., a minor, awarded to A.T.'s paternal grandmother ("Respondent"). We dismiss the appeal.

### I. BACKGROUND

Due to the injury, incapacitation, and later, death of the minor child's father, the circuit court, probate division, in 2008, Cause No. 0822–PR00354, awarded Respondent a letter of guardianship of the minor child, A.T., giving Respondent custody of A.T. Petitioner filed a petition to terminate guardianship, but the court dismissed the petition on August 24, 2011. Petitioner did not file an appeal. Petitioner filed for writ of habeas corpus, however, on December 14, 2011. The writ was dismissed in a judgment dated January 26, 2012. Petitioner filed her notice of appeal with this Court on February 6, 2012. This appeal follows.

## II. DISCUSSION

As a threshold matter, we note that Petitioner's brief does not comply with Rule 84. We hold *pro se* appellants to the same standards as attorneys. *Waller v. A.C. Cleaners Mgmt., Inc.*, 371 S.W.3d 6, 9 (Mo.App. E.D.2012). All appellants must comply with the Supreme Court Rules, including Rule 84.04, which governs the contents of appellate briefs. *Id.* This Court is mindful of the problems that a *pro se* litigant faces; "however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a pro se appellant preferential treatment with regard to complying with the rules of appellate procedure." *Id.* A brief that substantially fails to comply with Rule 84.04 is inadequate to invoke jurisdiction of this court and must be dismissed. *Id.* Petitioner's brief fails to support each of her factual statements with citations to the legal file or transcript as required. Rule 84.04(i). Because this Court is not required to dismiss every technically deficient brief and we prefer to decide an appeal on the merits, *see id.* (Clayton, J., dissenting), we review Petitioner's brief *ex gratia*.

We next determine this Court's jurisdiction. Petitioner states jurisdiction lies in this Court pursuant to Section 472.160, RSMo 2000,[1] where a judgment is appealable if the judgment of a probate court disposes of all claims and issues in the proceedings before it. *Estate of Sullivan v. Sullivan*, 366 S.W.3d 639, 642 n. 3 (Mo. App. E.D.2012). The circuit court's judgment is dated January 26, 2012.

However, because Petitioner is appealing from the dismissal of a writ of habeas corpus in a child custody matter, we review Section 512.025. Section 512.025 provides for an appeal from a habeas corpus proceeding in child custody *if no prior court order determining custody is in effect*. Here, there is a prior appointment of guardianship. A guardian is appointed under the provisions of Chapter 475, to provide "care and custody" for the child. Section 475.010(7). Accordingly, because there is a prior court order determining the legal custody of A.T., Petitioner may not appeal the probate court's decision in her habeas corpus proceeding via Section 512.025. *In re Estate of R.M.*, 356 S.W.3d 250, 252 (Mo.App. E.D.2011). Petitioner's point on appeal is dismissed.

## III. CONCLUSION

The appeal of the order of the probate court dismissing the writ of habeas corpus is dismissed.

GLENN A. NORTON, P.J., and ANGELA T. QUIGLESS, J., concur.

---

1. All further statutory references are to RSMo 2000, unless otherwise indicated.