

# In the Missouri Court of Appeals
# Eastern District

**DIVISION ONE**

| | | |
|---|---|---|
| DORSEY THOMPSON, | ) | No. ED110852 |
| | ) | |
| Claimant/Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| v. | ) | |
| | ) | |
| SPECIAL SCHOOL DISTRICT | ) | |
| OF ST. LOUIS COUNTY, MO. | ) | |
| EDUCATIONAL FACILITIES | ) | |
| AUTHORITY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: March 21, 2023 |

The claimant, Dorsey Thompson, appeals from the decision of the Labor and Industrial Relations Commission affirming the decision of the Appeals Tribunal that he lacked good cause for an untimely appeal. Mr. Thompson now appeals to this Court, seeking reversal of the Division of Employment Security Deputy's decision. Because Mr. Thompson failed to challenge the grounds upon which the Commission dismissed his claim, and because he failed to substantially comply with the rules of appellate briefing, we dismiss this appeal as Mr. Thompson has not preserved any issue for appellate review.

## Factual and Procedural Background

Mr. Thompson began employment as a bus driver for Special School District of St. Louis County in August, 2014. On March 17, 2020, the School District told him not to report for work, due to the COVID-19 pandemic state of emergency. During this time, he was paid his guaranteed wages until the end of the school year. Mr. Thompson received notice that he would be employed for the 2020-2021 school year on May 4, 2020. On May 3, 2020, Mr. Thompson filed an initial claim for unemployment benefits. A Division Deputy denied his claim because Mr. Thompson had reasonable assurance of employment. In its denial, the Division notified Mr. Thompson that he had a right to appeal by October 13, 2020. He appealed the decision to the Appeals Tribunal on January 23, 2021, three months after the thirty-day statutory deadline. Mr. Thompson then received notice on March 28, 2022 that a hearing was scheduled to determine whether Mr. Thompson had good cause for filing his appeal out of time.

At the hearing, the Appeals Tribunal found Mr. Thompson's testimony on the issue to be speculative. Mr. Thompson testified that he did not remember whether or not he saw the determination addressing his eligibility, stating that the Division sent "a lot of stuff, a lot of – correspondence," and that he could look through his records to try and find it. He also stated that if he had known the hearing officer would question him about the determination and untimely appeal, he "would have been better prepared for it." The Appeals Tribunal determined that Mr. Thompson failed to show by competent evidence that he did not timely receive notification of the denial of his claim, and concluded that he did not demonstrate good cause to extend the statutory time limit for filing an appeal. The Commission affirmed the decision of the Appeals Tribunal. This appeal follows.

<u>Discussion</u>

Mr. Thompson appears on his own behalf, without the assistance of an attorney. He has the right to do so. *Kramer v. Park-Et Restaurant, Inc.*, 226 S.W.3d 867, 869 (Mo. App. E.D. 2007). "We cannot and will not penalize [Mr. Thompson] for not utilizing the assistance of an attorney; but likewise, we cannot and will not lend [him] any assistance in prosecuting his appeal because he is not represented by counsel." *Pearson v. Keystone Temporary Assignment Group, Inc.*, 588 S.W.3d 546, 549 (Mo. App. E.D. 2019).

Accordingly, *pro se* appellants such as Mr. Thompson are bound by the same rules as a party represented by an attorney. *Kramer*, 226 S.W.3d at 869. They must comply with the Supreme Court Rules, including Rule 84.04, which sets out the requirements for appellate briefs. *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo. App. E.D. 2005). We do not grant *pro se* appellants preferential treatment regarding compliance with those rules. *Id*. This is not from a lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties. *Pearson*, 588 S.W.3d. at 550. "We would be true to none of these principles if we applied the law in one manner to litigants represented by counsel and then in a different manner to litigants that are not represented by counsel." *Id*. at 549.

Rule 84.04 requires an appellant's brief to have the following: (1) a detailed table of contents with page references and a table of cases and other authorities; (2) a jurisdictional statement; (3) a fair and concise statement of the facts; (4) a point relied on that identifies the ruling challenged, sets forth concisely the legal reasons for the claim of error, explains why the reasons support a finding of error, and is followed by a list of legal authorities upon which the appellant relies; (5) an argument section that discusses the point relied on and contains, in part, the standard of review; and (6) a short conclusion. Rule 84.04(a)-(e).

Compliance with the briefing requirements under Rule 84.04 is mandatory. *Kramer*, 226 S.W.3d at 870. This is to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted. *Thornton*, 161 S.W.3d at 919. Compliance with the rule also provides the appellate court with a more complete understanding of the relevant issues and allows the opposing party to develop counter arguments. *Id*. Perfection is not required, but an appellant must substantially comply with the rules. *Pearson*, 588 S.W.3d at 550. Failure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal. *Thornton*, 161 S.W.3d at 919; *see also* Rule 84.13 (mandating that allegations of error not properly briefed shall not be considered in any civil appeal). Mr. Thompson failed to comply with Rule 84.04 in many respects. Most critically, in his points relied on, statement of facts, and argument.

## I.     Points Relied On

Mr. Thompson failed to comply with Rule 84.04(d), which sets out the requirements for an appellant's points relied on. A point must be in substantially the following form:

> The [name of agency] erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review], in that [explain why, in the context of the case, the legal reasons support the claim of reversible error].

Rule 84.04(d)(2)(c).

This rule provides a "virtual 'roadmap' for the preparation of a point relied on in an appellate brief when the review is of a decision of an administrative agency." *Waller v. A.C. Cleaners Mgmt., Inc.*, 371 S.W.3d 6, 10 (Mo. App. E.D. 2012). The "challenged ruling or action" refers to an action taken by the agency. *Id*. The legal reason for the error must refer to the applicable statute authorizing review. *Id*. In unemployment compensation cases, this means that the error must explicitly refer to one of the four statutory grounds for reversal set out in section

288.210 RSMo (2016): (1) that the Commission acted without or in excess of its powers; (2) that the decision was procured by fraud; (3) that the facts found by the Commission do not support the award; or (4) that there was no sufficient competent evidence in the record to warrant the making of the award. *Id.*

Mr. Thompson's Points Relied On state:

1. The Labor and Industrial Relations erred in concluding that I had reasonable assurance when in the Unemployment Insurance Program Letter No. 10-20, Change 1 has provided guidance to states regarding flexibilities related to COVID-19, specifically in determining eligibility of an individual whose "between and within terms" denial provisions. Unemployment Insurance No. 20-21 Change 1. U.S. Department of Labor News Release. The form Additional Claimant Information Employment Information also reaffirms that we did not have reasonable assurance.

2. The Labor and Industrial Relations Commission erred in assuming that I had reasonable assurance after the Extended School Year was cancelled to in-person learning and was not able to complete the school year and the board decided to assess the reopening of in-person learning on a month by month basis. Also, the SSD Extended School Year Facts flyer explains the transportation needs of ESY. The Human Resources sent out an email talking about pay, essential workers and about the days being made up.

The points must explain in summary fashion why, in the context of the case, the identified legal reasons support the claim of reversible error. Rule 84.04(d)(2)(c). "The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended and to inform the court of the issues before it." *Landwehr v. Landwehr*, 129 S.W.3d 395, 397 (Mo. App. W.D. 2004). It should provide insight into the facts of the case that support a claim of error in the administrative agency ruling or action. *Waller*, 371 S.W.3d at 10 -11. The points relied on must direct the Court to review *a decision that was made by the Commission*, and the Court cannot review a decision that was not included as a point of error. *Sanders v. Div. of Employment Sec.*, 417 S.W.3d 895, 897 (Mo. App. W.D. 2014).

Mr. Thompson's points relied on direct this Court to review decisions that were not made by the Commission, namely that it erred in determining that he had reasonable assurance of employment. But the Commission expressly did not make a determination on that question. The actual issue before the Commission was Mr. Thompson's failure to demonstrate good cause for his untimely appeal of the deputy's determination that he was ineligible for benefits. Mr. Thompson's points do not address this issue. We are not permitted to review the issues raised in Mr. Thompson's points on appeal because those issues were not determined by the Commission. *See* Section 288.210. Nor are we permitted to review whether the Commission properly determined that Mr. Thompson lacked good cause for an untimely appeal when that is not a point of error raised in this appeal. *Sanders*, 417 S.W.3d at 897.

Additionally, Mr. Thompson's brief violates Rule 84.04(d)(5), which requires that the appellant include a list of cases, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies. Rule 84.04(d)(5). No legal authority is included in Mr. Thompson's claim. Mr. Thompson cites to Unemployment Insurance Program Letters, No. 10-20 and No.20-21, as well as the U.S. Department of Labor News Letter. These letters may provide guidance to the States, but they are not binding legal authority.

## II.     Statement of Facts

Rule 84.04(c) requires a fair and concise statement of facts "relevant to the question presented for determination without argument." Rule 84.04(c). "The primary purpose of the statement of facts is to set forth an immediate, accurate, complete, and unbiased understanding of the facts of the case." *Rice v. State, Dept. of Social Servs.*, 971 S.W.2d 840, 842 (Mo. App. E.D. 1998). Mr. Thompson's recitation of the facts details the situation surrounding his employment.

He argues that because the extended school year was virtual, his job was made obsolete; therefore, he did not have reasonable assurance of employment.

Standing alone, this statement does not provide an immediate, accurate, or complete understanding of the facts of the case. An appellant must include facts relevant to the issues to be determined by this Court. *Pearson*, 588 S.W.3d at 550. Specifically, the statement of facts should have included facts relevant to good cause for the untimely appeal. Mr. Thompson did not inform us of facts relevant to the Commission's determination that he lacked good cause for an untimely appeal. "Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review." *Id*. Mr. Thompson's failure to comply with Rule 84.04(c) is a sufficient basis to dismiss this appeal. *Id*.

### III.    Argument

Mr. Thompson also failed to comply with Rule 84.04(e), which governs the argument section of an appellant's brief and requires the appellant to "explain why, in the context of the case, the law supports the claim of reversible error by showing how the principles of law and the facts of the case interact." *Burgan v. Newman*, 618 S.W.3d 712, 715 (Mo. App. E.D. 2021). An appellant is obligated to cite appropriate available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). Rule 84.04(e) also requires a statement of the applicable standard of review. In his argument section, Mr. Thompson did not provide a standard of review, and instead continued to argue the underlying issue of reasonable assurance of employment, which was not the issue before the Commission.

The argument section contains seven paragraphs, two of which are restatements of the points relied on, which, as discussed above, involve issues not before us. In the other paragraphs,

6

Mr. Thompson essentially restates his points relied on, and elaborates as to why he did not have reasonable assurance of employment. Mr. Thompson does not link the facts of his case to relevant law, nor does he explain why the Commission committed reversible error in determining that he lacked good cause for an untimely filing. Because Mr. Thompson failed to cite relevant law and explain how it applies to the facts of his case, we are justified in considering his point abandoned and dismissing the appeal. *Pearson*, 588 S.W.3d at 552.

Conclusion

Our appellate court prefers to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief. *Pearson*, 588 S.W.3d at 553. We may review non-compliant briefs of *pro se* claimants *ex gratia* when the deficiencies are minor. *Carruthers v. Serenity Mem. Funeral and Cremation Servs., LLC*, 576 S.W.3d 301, 305 (Mo. App. E.D. 2019). However, we are unable to do so here.[1] "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal…" Rule 84.13(a).

Our review is confined to those points that the appellant properly raises on appeal. *Lewis v. Fort Zumwalt School Dist.*, 260 S.W.3d 888, 890 (Mo. App. E.D. 2008). When an appellant, like Mr. Thompson, files a brief that is not "in conformity with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, this Court is left with the dilemma of undertaking additional research and briefing to supply the deficiency."

---

[1] We are sympathetic to the plight of *pro se* claimants; however, "the function of the appellate court is to examine asserted error, not to serve as an advocate for any party on appeal." *Kramer*, 226 S.W.3d at 870 (internal quotation omitted). "If the appellate court must search the argument portion of the brief or the record on appeal to determine or clarify the nature of the asserted claims, the court may interpret the claims differently than the opponent or differently than was intended by the party asserting the claim." *Mace v. Daye*, 17 S.W.3d 154, 156 (Mo. App. W.D. 2000). We cannot become advocates for an appellant by speculating about facts and arguments that have been made. *Kramer*, 226 S.W.3d at 870.

7

*Thummel*, 570 S.W.2d at 686. But it is not the function of an appellate court to search the record

to identify possible errors and research any issues so revealed. *Kramer*, 226 S.W.3d at 870.

Succinctly put, we are not able to conduct a review of this case without becoming Mr.

Thompson's advocate.

Consequently, because Mr. Thompson's appeal failed to properly challenge the grounds

for the Commission's decision and failed to comply with the rules of appellate briefing, he

preserves no issue for this Court to review. We dismiss Mr. Thompson's appeal.

_____
Angela T. Quigless, Presiding Judge

Sherri B. Sullivan, J. and
Robert M. Clayton III, J., concur.