

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| VIVIAN DEPAUL, | ) | No. ED111120 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| v. | ) | Industrial Relations Commission |
| | ) | |
| | ) | Appeal No. 2230818 |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: October 17, 2023 |

<u>Introduction</u>

Vivian DePaul (Claimant) appeals from the judgment of the Labor and Industrial Relations Commission (Commission) denying her unemployment benefits. The Commission adopted the decision of the Appeals Tribunal of the Division of Employment Security (Appeals Tribunal), which found that Claimant received an overpayment of unemployment insurance benefits. We dismiss DePaul's appeal.

<u>Factual and Procedural Background</u>

Claimant worked as a legal assistant at the law firm of O'Loughlin, O'Loughlin & Koetting, LLC (O'Loughlin) until she was terminated on July 2, 2020. She submitted an initial claim for unemployment benefits on July 3, 2020. A deputy for the Division of Employment Security (DES) initially determined she was eligible to receive benefits,

finding she was discharged by her employer but not for misconduct connected with her work. O'Loughlin appealed the deputy's decision, and, after a hearing, the Appeals Tribunal, in a decision dated April 14, 2021, reversed the deputy's decision and determined Claimant was terminated for misconduct related to her work and thus was disqualified from receiving benefits (Appeal No. 2114203-Misconduct Decision). Claimant appealed to the Commission, which affirmed the decision of the Appeals Tribunal on August 31, 2021. The Commission mailed its decision to the parties on that same date. The Commission's decision stated that it would become final within ten days after mailing, and further instructed that, if Claimant wished to appeal the decision to the Missouri Court of Appeals, she must do so within 20 days after the decision became final. Claimant did not appeal the Commission's decision in Appeal No. 2114203-Misconduct Decision to the Missouri Court of Appeals.

On May 16, 2022, a deputy for DES determined that Claimant was overpaid a total of $5,700 between July 5, 2020 and November 21, 2020 due to no fault of her own because, although she was disqualified during this period, she had received benefits. On June 13, 2022, Claimant appealed the deputy's determination of overpayment to the Appeals Tribunal on the basis that she did not commit misconduct associated with her work, and thus the Commission's decision in Appeal No. 2114203-Misconduct Decision was in error. After a hearing, the Appeals Tribunal affirmed the deputy's determination of overpayment in a decision dated August 30, 2022 (Appeal No. 2230818-Overpayment Decision). Claimant appealed this decision to the Commission, which on October 14, 2022 affirmed the Appeals Tribunal. This appeal follows.

Standard of Review

2

Section 288.210[1] governs appellate review of the Commission's decisions in unemployment compensation cases. Hergins v. Div. of Employment Sec., 372 S.W.3d 543, 545 (Mo. App. W.D. 2021). On review, an appellate court may modify, reverse, remand for rehearing, or set aside the Commission's decision only if it finds that: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the decision is not supported by the facts; or (4) the decision is not supported by sufficient competent evidence in the record. Section 288.210. An appeal from the Commission's decision must explicitly identify one of these four statutory grounds. Waller v. A.C. Cleaners Mgmt., Inc., 371 S.W.3d 6, 10 (Mo. App. E.D. 2012).

Discussion

Initially, we note that Respondent DES's brief argues this Court should dismiss Claimant's brief for violations of Rule 84.04 and does not address the merits of her claims. While the Eastern District has in recent years been more willing to dismiss cases for briefing errors, this Court often prefers an approach of addressing, *ex gratia*, the merits of an appeal whenever possible. Courts have the discretion to review non-compliant briefs when the argument is readily understandable. See, e.g., Scott v. King, 510 S.W.3d 887, 893 (Mo. App. E.D. 2017). In the absence of a stated policy by this Court, it behooves a respondent to always address the merits of the appellant's points on appeal, rather than risk having this Court decide the case on the merits without the benefit of the respondent's arguments.

Claimant raises two points on appeal. In Point I, she challenges the Commission's decision of ineligibility due to misconduct in Appeal No. 2114203. In Point II, she

---

[1] All statutory references are to RSMo. supp. 2022, unless otherwise indicated.

challenges the Commission's decision in Appeal No. 2230818 that she received overpayments. We find Claimant's two points relied on provided adequate notice of the arguments raised in the argument section; however, although we consider each point *ex gratia*, we also find this Court is without authority to consider the merits of any of Claimant's arguments, and we reluctantly dismiss her appeal.

Point I

In Claimant's first point on appeal, she challenges the merits of the Commission's decision of ineligibility due to misconduct in Appeal No. 2114203. The decision in Appeal No. 2114203-Misconduct Decision, however, is not properly before this Court. Here, Claimant had two cases before DES, one determining whether she was eligible for benefits (Appeal No. 2114203-Misconduct Decision), and one determining whether she was overpaid (Appeal No. 2230818-Overpayment Decision). The Commission issued and mailed its decision regarding eligibility in Appeal No. 2114203-Misconduct Decision to the parties on August 31, 2021. The decision became final on September 10, 2021. See Section 288.200.2 (Commission's decision becomes final ten days after date of notification or mailing). Accordingly, Claimant's appeal to the Court of Appeals was due on September 30, 2021. See Section 288.210 (any party aggrieved by decision of Commission may appeal decision to appellate court within 20 days after decision becomes final).

Claimant did not timely file an appeal from Appeal No. 2114203-Misconduct Decision to this Court challenging the Commission's determination she was ineligible for benefits due to misconduct, and the decision is now final. See Ruiz v. DOTec Corp., 651 S.W.3d 227, 229 (Mo. App. E.D. 2022); Hergins, 372 S.W.3d at 546. We are authorized only to grant judicial review in cases that have been timely appealed from the Commission

4

to this Court. See Section 288.210; see also Hergins, 372 S.W.3d at 545. Accordingly, we lack legal authority to consider the issues of eligibility and misconduct here.

Point II

In Claimant's second point on appeal, she argues the Commission erred in its decision of overpayment both (1) because the decision was inconsistent with a statement published by the Missouri Department of Labor and Industrial Relations (Department of Labor) on July 27, 2021 stating that qualified claimants would potentially be able to receive a recovery waiver of non-fraud federal pandemic program unemployment benefits payments, and (2) because it failed to consider and comply with the proposed amendment to Chapter 288, which would allow the Department of Labor to waive repayment of some unemployment benefits.[2] We cannot consider these arguments.

"On appeal, this Court may only address those issues determined by the Commission and may not consider any issues that were not before the Commission." Morgan v. Psych Care Consultants, LLC, 341 S.W.3d 217, 218 (Mo. App. E.D. 2011). During her appeal before the Appeals Tribunal and the Commission, Claimant did not raise the issue of whether repayment of her overpayment was waived either pursuant to the Department of Labor's July 27, 2021 announcement of the possible waiver of recovery of federal unemployment benefits overpayments, or pursuant to the proposed amendment to Chapter 288 waiving repayment of some unemployment benefits. The Commission did not consider the waiver issue in making its decision, and thus we may not consider it now. See id.

---

[2] Claimant cites to proposed Senate Bills Nos. 673 and 709 of the 101st General Assembly, proposing amending Chapter 288 to add Section 288.552. https://www.senate.mo.gov/22info/pdf-bill/SCSfromResearch/SB673.pdf. It appears, however, that the General Assembly failed to pass this proposed amendment.

Rather, the Commission based its decision on the final decision in Appeal No. 2114203-Misconduct Decision, which Claimant did not appeal, finding that Claimant was disqualified from receiving benefits between July 5, 2020 and November 21, 2020. Claimant admitted at the hearing that she received benefits in the amount of $5,700 during this period. Claimant does not challenge on appeal the Commission's decision based on any ground listed in Section 288.210. This Court's authority on appeal to reverse or modify the decision of the Commission is limited to the statutory grounds listed in Section 288.210, and thus we are without authority to act here. See 288.210 ("the court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds *and no other*") (emphasis added).

### Conclusion

For the foregoing reasons, the appeal is dismissed.

Gary M. Gaertner, Jr., J.

Lisa P. Page, P.J., and
Angela T. Quigless, J., concur.

6