Celeste **KRAMER,** Claimant/Appellant,

v.

**PARK–ET RESTAURANT, INC.,**
Employer/Respondent,

and

**Division of Employment Security,**
Respondent.

No. ED 87548.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 12, 2007.

Celeste Kramer, St. Marys, MO, pro se.

Park–Et Restaurant, Inc., Perryville, MO, pro se.

Marilyn G. Green, Dunklin Jefferson City, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

The claimant, Celeste Kramer, appeals from the Labor and Industrial Commission's order denying her claim for unemployment-compensation benefits. The Division of Employment Security has filed a motion to dismiss the claimant's appeal for failure to follow the requirements of Supreme Court Rule 84.04. The Division's motion is well taken. Because the claimant has failed to substantially comply with the rules of appellate procedure, her brief preserves nothing for review and is inadequate to invoke this Court's jurisdiction. Accordingly, we grant the Division's motion and dismiss the appeal.

■ The claimant appears on her own behalf, without the assistance of an attorney. She has the right to do so. *Bishop v. Metro Restoration Services, Inc.,* 209 S.W.3d 43, 45 (Mo.App. S.D.2006). She is, however, still bound by the same rules as a party represented by an attorney. *Id.* A *pro se* appellant, such as the claimant, must comply with the rules of appellate procedure. *Houston v. Weisman,* 197 S.W.3d 204, 205 (Mo.App. E.D.2006). We do not grant *pro se* appellants preferential treatment regarding compliance with those rules. *Thornton v. City of Kirkwood,* 161 S.W.3d 916, 919 (Mo.App. E.D.2005). Although we are mindful of the problems faced by *pro se* litigants, we must require *pro se* appellants to comply with these rules; this Court cannot relax its standards merely because one is a non-lawyer. *Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 146 (Mo.App. W.D. 2007); *Hicks v. Division of Employment Security,* 41 S.W.3d 638, 640 (Mo.App. S.D. 2001). This is not due to lack of sympa-

thy, but rather "it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Thornton,* 161 S.W.3d at 919; *Hicks,* 41 S.W.3d at 640.

■ Rule 84.04 [1] sets forth the requirements for the contents of an appellant's brief. The rule requires an appellant's brief to have the following: (1) a detailed table of contents with page references and a table of cases and other authorities; (2) a concise statement concerning the appellate court's jurisdiction; (3) a fair and concise statement of the facts; (4) a Point Relied On that identifies the ruling challenged, sets forth concisely the legal reasons for the claim of error, explains why the reasons support a finding of error, and is followed by a list of legal authorities upon which the appellant relies; (5) an argument section that discusses the point relied on and contains, in part, the standard of review; and (6) a short conclusion. Rule 84.04(a)-(e). All statements of fact and argument shall have specific page references to the legal file or transcript. Rule 84.04(i). An appellant's brief shall also contain or be accompanied by an appendix containing, in part, the judgment from which the appellant appeals. Rule 84.04(h). The claimant did not comply with any of these rules.

The claimant's brief consists of two single-spaced typed pages of written material setting forth her view of the facts surrounding the ending of her employment. No table of contents is included. No jurisdictional statement is made. The facts recited are only those favoring the claimant's position. No references to the legal file or transcript appear anywhere in her brief. No Point Relied On is included. There is no citation to, or discussion of, any legal authority. It is impossible to glean any argument from the claimant's

---

**1.** All references are to the Missouri Court Rules (2006).

brief. No conclusion is included. A copy of the Commission's decision is not included in the appendix. The claimant's brief violates every mandate of Rule 84.04.[2]

Compliance with the briefing requirements under Rule 84.04 is mandatory. *Bishop,* 209 S.W.3d at 45. Perfection is not required, but an appellant must reasonably comply with the rules. *Hicks,* 41 S.W.3d at 640. The failure to substantially comply with Rule 84.04 preserves nothing for appellate review and warrants dismissal of the appeal. *Id.; Brown,* 211 S.W.3d at 147; *Bishop,* 209 S.W.3d at 48; *Thornton,* 161 S.W.3d at 920. An appellant's compliance with Rule 84.04's briefing requirements "is required in order that the appellant may give notice to the party opponent of the precise matters which must be contended with and answered." *Thornton,* 161 S.W.3d at 919. Compliance with the briefing requirements is also mandatory so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant. *Id.*

"The function of the appellate court is to examine asserted trial-court error, not to serve as advocate for any party on appeal." *Weisenburger v. City of St. Joseph,* 51 S.W.3d 119, 125 (Mo.App. W.D.2001); *Martin v. Morgan,* 61 S.W.3d 300, 302 (Mo.App. E.D.2001) citing *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). When an appellant, such as claimant in this case, files a brief that is not in conformity with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, this Court is "left with the dilemma of deciding the case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). "Courts should not be asked or expected to assume such a role." *Id.* "In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals." *Id.* "It is not the function of an appellate court to search the record to identify possible errors and research any issues so revealed." *Bishop,* 209 S.W.3d at 47 quoting *Huffman v. SBC Services, Inc.,* 136 S.W.3d 592, 594 (Mo.App.2004). "Appellate courts should not become advocates for an appellant by speculating about facts and arguments that have not been made." *Bishop,* 209 S.W.3d at 48 quoting *Chase v. Baumann Property Co.,* 169 S.W.3d 891, 892–3 (Mo.App.2005).

The deficiencies of the claimant's brief are so substantial that, to conduct any meaningful review, this Court would be forced to shoulder the inappropriate burden of not only ferreting out and reconstructing the facts of the case, but also speculating as to any possible claims of error and actually crafting the claimant's argument on appeal. This we cannot do. Because the claimant's brief fails to comply with Rule 84.04, her brief preserves nothing for our review and is inadequate to invoke this Court's jurisdiction. *Livingston v. Schnuck Markets, Inc.,* 184 S.W.3d 617, 619 (Mo.App. E.D.2006). Accordingly, we dismiss the claimant's appeal.

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.

---

2. We also note that the claimant did not double-space her brief, as required by Rule 84.06(a)(7), nor did she provide the certification required by Rule 84.06(c).