**Donald McGILL, Claimant/Appellant,**

v.

**The BOEING COMPANY,
Employer/Respondent.**

**No. ED 88787.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 25, 2007.

---

**1.** All rule references are to Mo. R.Crim. P.2006, unless otherwise indicated.

Donald McGill, Wright City, MO, Acting pro se.

George T. Floros, St. Louis, MO, for Respondent.

OPINION

MARY K. HOFF, Presiding Judge.

Donald McGill (Claimant) appeals from the trial court's judgment sustaining The Boeing Company's (Employer) Motion to Dismiss Claimant's appeal of the final award of the Labor and Industrial Relations Commission denying Claimant's claim for worker's compensation. Because Claimant's amended appellate brief (amended brief) fails to comply with the appellate briefing requirements as provided by Rule 84.04 [1], we dismiss the appeal.

Following the trial court's entry of judgment in favor of Employer, Claimant filed his notice of appeal and appellate brief *pro se*.[2] Claimant's brief was handwritten and did not substantially comply with Rule 84.04 or Rule 84.06. This Court *sua sponte* issued an order describing in detail the deficiencies of Claimant's brief, directing Claimant to file an amended brief that complied with Rule 84, and notifying Claimant that his failure to do so would result in the dismissal of his appeal. Claimant subsequently filed his amended appellate brief, which was typewritten in accordance with Rule 84.06, but still did not comply, in form or substance, with Rule 84.04.

Employer thereafter filed its motion to strike Claimant's amended brief or, in the alternative, to dismiss the appeal. Employer's motion argued that Claimant's amended brief was deficient in that it failed: to provide a sufficient jurisdictional statement necessary to invoke this Court's jurisdiction over the case; to provide an adequate or relevant statement of facts with citations to the record on appeal; to contain any "points relied on" setting out

---

1. All subsequent rule references are to Mo. R. Civ. P.2007, unless otherwise indicated.

2. The trial court correctly sustained Employer's Motion to Dismiss because Claimant's appeal was untimely filed, which is an additional proper basis for dismissal of this case.

the rules of law applicable to the case; to contain an argument section reciting the applicable standards of review relevant to his claims of error; or to include an appendix containing the trial court's judgment or any statutory authority bearing on the issues presented in the case. We agree.

 *Pro se* appellants are held to the same standards as are attorneys and must comply with the Supreme Court's rules of procedure. *Gant v. Lou Fusz Motor Co.,* 153 S.W.3d 866, 866 (Mo.App. E.D.2004); *Davis v. Coleman,* 93 S.W.3d 742, 742 (Mo. App. E.D.2002). Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant *pro se* appellants preferential treatment with regard to their compliance with those procedural rules. *Kramer v. Park–Et Restaurant, Inc.,* 226 S.W.3d 867, 869 (Mo.App. E.D.2007).

 Rule 84.04 provides the requirements for appellate briefs, and a party's failure to comply with those requirements constitutes grounds for our dismissal of the appeal. *Gant,* 153 S.W.3d at 866. An appellant's brief must contain: 1) a detailed table of contents and an alphabetically-arranged table of cases and other authorities cited, all with page references; 2) a concise jurisdictional statement; 3) a statement of the facts; 4) the points relied on; 5) an argument that substantially follows the order of the points relied on; and 6) a short conclusion stating the precise relief sought. Rule 84.04(a). The jurisdictional statement that sets forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereupon jurisdiction is sought to be predicated. Rule 84.04(b). The statement of facts must be fair and concise and relevant to the questions presented for determination but not argumentative. Rule 84.04(c). A "Point Relied On" must be

included for each claim of error and must identify the ruling or action of the trial court the appellant challenges, must concisely state the legal reasons for the appellant's claim of reversible error, and must summarily explain why, in the context of the case, the stated legal reasons support the appellant's claim of reversible error. Rule 84.04(d)(1). The argument section under each Point Relied On must substantially track the point it follows, must include a concise statement of the applicable standard of review for each claim of error, and must advise the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e); *Davis,* 93 S.W.3d at 743. The appellant's brief also shall contain or be accompanied by an appendix with a table of contents and containing: 1) the judgment, order, or decision in question; 2) the complete text of all statutes, ordinances, rules of court, or agency rules claimed to be controlling of the points on appeal; 3) the complete text of any instruction related to a point relied on; and 4) any other matters pertinent to the issues discussed in the brief such as copies of exhibits, excerpts from the written record, and copies of new cases or other pertinent authorities. Rule 84.04(h).

 In this case, Claimant's amended brief fails to comply with Rule 84.04 to such an extent that his appeal is unreviewable. Claimant's amended brief contains a one-page introduction reciting the steps he took to file his appeal in this Court. Rule 84.04 does not contemplate the inclusion of an introduction such as this. Rather than containing a table of contents and an alphabetized table of authorities, the amended brief contains an "Index of Pages" listing the pages of the brief alongside the titles given to those pages. Claimant's jurisdictional statement contains no information or reference to the constitutional provisions conferring jurisdiction upon this

Court. Instead of containing a statement of facts, Claimant's amended brief contains only four references to the legal file and transcript accompanied by short descriptions of Claimant's first-hand account of the steps he took to file his appeal. Claimant sets out no Points Relied On. The page denominated "ARGUMENT CORRESPONDING TO THE POINTS RELIED ON" merely states that Claimant has not been given a right to appeal the decision on his workers' compensation claim "as stated in [his] legal file and transcript." The argument does not present any standards of review, binding or persuasive principles of law, or any relevant legal authority. The amended brief is wholly devoid of a conclusion or specific request for relief. Finally, instead of including copies of the decision from which he is appealing or copies of controlling legal authority, the page titled "APPENDIX" contains entries regarding Claimant's inability to obtain legal counsel, repeated statements concerning the timely filing of his appeal, and irrelevant page references to the Missouri Court Rules and the legal file and transcript.

■ Clearly, Claimant's amended brief fails to comply with Rule 84.04, preserves nothing for our review, and is inadequate to invoke the jurisdiction of this Court. *Gant,* 153 S.W.3d at 866; *Davis,* 93 S.W.3d at 743. We should not be expected to decide this case on the basis of inadequate briefing or to undertake additional research and scour the record to cure such a deficiency. *Davis,* 93 S.W.3d at 743, *citing Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). Furthermore, we will not become an advocate for Claimant by speculating about the relevant facts and arguments he failed to make. *Kramer,* 226 S.W.3d at 870. While perfection is not required, compliance with the briefing requirements pursuant to Rule 84.04 is mandatory. *Id.* Here, the deficiencies of Claimant's amended brief are so substantial, we could not conduct any meaningful review without taking an inappropriate position of ferreting out and reconstructing the facts of the case, speculating about the possible claims of error, and crafting an argument on Claimant's behalf. *See Id.* Accordingly, the appeal is dismissed.

SHERRI B. SULLIVAN, Judge, and GEORGE W. DRAPER III, Judge: Concur.