Angela COVINGTON,
Claimant/Appellant,

v.

**BETTER BUSINESS BUREAU,**
Employer/Respondent,

and

**Division of Employment Security,**
Additional Party/Respondent.

No. ED 89991.

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 2008.

Angela M. Covington St. Louis, MO, Appellant Acting Pro Se.

The Better Business Bureau, St. Louis, MO, Respondent Acting Pro Se.

Rachel M. Lewis, Jefferson City, MO, for respondent Missouri Department of Labor and Industrial Relations Division of Employment Security.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and KENNETH M. ROMINES, J.

PER CURIAM.

Claimant, Angela Covington, appeals *pro se* from the order of the Labor and Industrial Relations Commission (Commission) affirming the decision of the Appeals Tribunal of the Division of Employment Security. Claimant's brief is insufficient to invoke the jurisdiction of this court, and she has failed to comply with our order to file an amended brief. Accordingly, we dismiss this appeal.

We hold *pro se* appellants to the same standards as attorneys. *Smith v. City of St. Louis Civil Service Com'n,* 216 S.W.3d 698, 699 (Mo.App.2007); *Kramer v. Park–Et Restaurant, Inc.,* 226 S.W.3d 867, 869 (Mo.App.2007); *McGill v. Boeing Co.,* 235 S.W.3d 575, 577 (Mo.App.2007). All appellants must comply with the Supreme Court Rules, including Rule 84.04, which governs the contents of appellate briefs. *Smith,* 216 S.W.3d at 699. We are mindful of the problems that a *pro se* litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a *pro se* appellant preferential treatment with regard to complying with the rules of appellate procedure. *Kramer,* 226 S.W.3d at 869; *McGill,* 235 S.W.3d at 577. A brief that substantially fails to comply with Rule 84.04 is inadequate to invoke the jurisdiction of this court and must be dismissed. *Smith,* 216 S.W.3d at 699. Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal."

Claimant's brief fails to comply with Rule 84.04 to such an extent that her appeal must be dismissed. In an appeal from a Commission decision in an unemployment matter, we may modify, reverse, remand, or set aside the decision if the Commission acted without or in excess of its powers, the decision was procured by fraud, the decision is not supported by the facts, or the decision is not supported by sufficient competent evidence in the record. *Ayers v. Sylvia Thompson Residence Center,* 211 S.W.3d 195, 197–98 (Mo.App. 2007); section 288.210 RSMo (2000).

Claimant's brief fails to provide a fair and concise statement of facts, as required by Rule 84.04(c), with citation to specific page references to the record on appeal, as required by Rule 84.04(i). Rather, the statement of facts consists of a first-person argument addressed to the court. None of the points relied on challenge any action or ruling of the Commission or sets out the legal reasons for claimant's claim of reversible error, in violation of Rule 84.04(d)(2). Rather, the "points" are first-person statements asking for inappropriate relief, such as a change in statutes or a change in employer practices. The points are not set out separately, and two of the points relied on are not supported by authority, in violation of Rule 84.04(d)(5). None of the arguments under the points contain citations to pertinent legal authority, and none contains a legal argument addressing issues that this court can review in an appeal from a Commission decision. " 'Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for review.' " *Martin v. Morgan,* 61 S.W.3d 300, 302 (Mo.App.2001) (quoting *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 516 (Mo.App.1998)).

We entered an order describing the deficiencies of claimant's brief and directed claimant to file an amended brief that complied with Rule 84, with a notice that failure to do so would result in the dismissal of claimant's appeal. She did not file an amended brief. Instead, claimant filed a reply in which she asserted that her brief complied with the Supreme Court Rules. We took the issue of whether the brief complied with Rules 84.04 and 84.06 with the case.

This brief not only fails to follow the form required by Rule 84.04 to properly present reviewable errors, it never identifies an error committed by the Commission that can be reviewed. The deficiencies in claimant's brief are so substantial that we cannot conduct any meaningful review. Further, claimant failed to file an amended brief after we ordered her to do so. Failure to comply with appellate court

98

orders is also grounds for dismissal of the appeal. *In re Marriage of Weinshenker*, 177 S.W.3d 859, 862 (Mo.App.2005).

Claimant's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it is inadequate to invoke the jurisdiction of this court. The appeal is dismissed.