**David B. WASHINGTON,
Plaintiff/Appellant,**

v.

**Barnard ZINN, Defendant/Respondent.**

**No. ED 91973.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 14, 2009.

See also, 286 S.W.3d 818, 2009 WL 981897.

David B. Washington, St. Louis, MO, pro se.

Matthew S. Chase, The Chase Law Firm, PC, St. Louis, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., MARY K. HOFF, J., and KENNETH M. ROMINES, J.

PER CURIAM.

Appellant, David B. Washington, filed a petition for an Order of Protection against respondent, Barnard Zinn, pursuant to section 455.020 RSMo (2000). After an evidentiary hearing, the trial court determined that appellant had not proved the allegation of abuse and denied appellant's request for a full order of protection. Appellant appeals *pro se*. We dismiss the appeal for failure to comply with the rules of appellate procedure.

1. *Brief*

Appellant's brief is similar in several respects to the brief he filed in *Washington v. Blackburn*, ED91610, 286 S.W.3d 818, 2009 WL 981897 (Mo.App. Apr. 14, 2009), handed down contemporaneously

herewith. It has a substantially similar statement of facts, identical Point I, and substantially similar argument under that point. However, Points II and III in the appellant's brief in this appeal are different from the points in the brief filed in *Blackburn.*

a. *Statement of Facts–Rule 84.04(c)*

■ Appellant's statement of facts is virtually identical to the statement of facts in the brief he filed in *Blackburn,* except that it omits a paragraph contained in *Blackburn* relating to the *Blackburn* respondent's filing a petition for a protective order against appellant. As in *Blackburn,* appellant's statement of facts is confined to a recitation of the facts alleged in his petition and the procedural actions in this case. He fails to include the facts necessary to determine the issues on appeal and omits facts supporting the trial court's findings. For example, under Point I appellant appears to argue that he showed a course of conduct of repeated acts, but the statement of facts does not include any recitation of this evidence. Under Point II he contends that the dismissal was based on the court's questions, which he believes prejudiced him, but the statement of facts does not set out or refer to those questions. Under Point III he argues that the trial court erred in not considering evidence of motivation, but the statement of facts does not set out or describe this evidence. For the same reasons we set out in our opinion in *Blackburn,* appellant's statement of facts fails to comply with Rule 84.04(c).

b. *Points Relied On–Rule 84.04(d)(1)*

■ None of appellant's points relied on comply with Rule 84.04(d)(1). His first point is identical to his first point in the brief he filed in *Blackburn* and is defective

for the same reasons set out in that opinion.

Appellant's remaining points are:

## POINT II

**THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION BECAUSE THE DISMISSAL WAS BASED ON THE COURT'S OWN QUESTIONS FROM THE BENCH OF WHICH PREJUDICED APPELLANT'S TESTIMONY IN THAT THE COURT ASKED DIRECT QUESTIONS OF CONSTITUTIONAL SANCTIONED ACTS PURSUANT TO REVISED STATUTES OF MISSOURI CHAPTER 455.**

## POINT III

■ **THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION BECAUSE THE DISMISSAL WAS BASED ON THE COURT NOT REVIEWING THE MOTIVATION OF THE ACT PERFORMED BY THE RESPONDENT IN THAT THE RESPONDENT'S ACT AGAINST APPELLANT WAS KNOWINGLY MOTIVATED BY AND BECAUSE OF APPELLANT'S RACE, AND COLOR.**

Points two and three also fail to state concisely the legal reasons for the claim of reversible error and to explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error as required by Rule 84.04(d)(1). In addition, these points are so unclear that we cannot understand the nature of appellant's claims. *See Elkins v. Elkins,* 257 S.W.3d 617, 618 (Mo.App. 2008). *See also Harrison v. Woods Super Markets, Inc.,* 115 S.W.3d 384, 387 (Mo. App.2003). A point relied on that fails to comply with Rule 84.04(d) preserves noth-

ing for appeal. *In re Marriage of Fritz,* 243 S.W.3d 484, 487 (Mo.App.2007).

### c. *Argument–Rule 84.04(e)*

■ Appellant's arguments under each of his points also fail to comply with Rule 84.04(e). An argument must explain why, in the context of the case, the law supports the claim of reversible error. Rule 84.04(e); *Fritz,* 243 S.W.3d at 487. "An argument should show how principles of law and the facts of the case interact." *Snyder v. Snyder,* 142 S.W.3d 780, 783 (Mo.App.2004). Appellant's argument under Point I is virtually identical to his argument under point one in his brief in *Blackburn,* except that it omits a paragraph referring to the *Blackburn* respondent's petition for a protective order. It is defective for the same reasons. Appellant's argument under Point II complains that the court twice asked him a question confirming his testimony that he had a gun with him while he was using a weed trimmer. He argues that he had a right to carry a concealed weapon. He never explains how this question prejudiced him and does not provide *relevant* legal authority supporting a conclusion that this questioning entitles him to reversal. In fact, his argument ends mid-sentence and never reaches a conclusion. Appellant's argument under Point III contains only bare conclusions without citation to any legal authority. Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for appeal. *Fritz,* 243 S.W.3d at 488; *State ex rel. Moore v. Brewster,* 116 S.W.3d 630, 643 (Mo.App.2003). In addition, the argument under Point III contains inaccurate citations to the transcript and includes statements of "fact" supported only by appellant's allegations in his petition. Finally, neither of the arguments under Points II or III contain a statement of the applicable standard of review, as required by Rule 84.04(e). *See In re Marriage of Weinshenker,* 177 S.W.3d 859, 863 (Mo.App.2005).

### d. *Appendix–Rule 84.04(h)*

■ The appendix fails to comply with Rule 84.04(h). In addition to its mandatory requirements, Rule 84.04(h) allows an appendix to set forth matters pertinent to the issues discussed in the brief "such as copies of exhibits, excerpts from the written record, and copies of new cases or other pertinent authorities." Eastern District Rule 365 provides in part:

> Copies of exhibits or excerpts from the record may be included in the appendix only if the exhibits and the excerpted portions of the record are properly filed and made a part of the record on appeal in accordance with either Supreme Court Rule 30 or 81.

■ The appendix does not comply with Rule 84.04(h) because it contains exhibits and documents that are not in the record on appeal. It contains copies of exhibits, an exhibit list filed in the trial court, and a lengthy motion to dismiss that has a docket number from a different case. None of these documents are in the record on appeal. "The mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." *State ex rel. Miss. Lime v. Missouri Air,* 159 S.W.3d 376, 380 n. 2, n. 10 (Mo.App. 2004). We do not consider documents in an appendix that are not in the record on appeal. *Weinshenker,* 177 S.W.3d at 864. Inclusion of improper documents in an appendix defeats the value of the appendix and increases the amount of paper the court must manage in attempting to locate the relevant and pertinent material in an appendix. *See Grace Advisors, Inc. v. Shannon,* 130 S.W.3d 750 (Mo.App.2004).

■ The failure to substantially comply with the provisions of Rule 84.04 pre-

serves nothing for review and warrants dismissal. *In re Marriage of Shumpert*, 144 S.W.3d 317, 321 (Mo.App.2004).

2. *Legal File–Rule 81.12(a)*

■ Rule 81.12(a) provides:

The legal file shall be so labeled with a cover page and contain clearly reproduced exact copies of the pleadings and other portions of the trial record previously reduced to written form. The documents in the legal file shall be arranged with a docket sheet or case record on top numbered as page 1. The oldest document shall follow the docket sheet, with the remaining documents arranged in chronological order, ending with the notice of appeal at the bottom.

In addition, Rule 81.12(c) requires an appellant to file an index to the legal file.

■ In appellant's legal file, the most recent documents are placed after the docket sheet and the oldest document is placed before the notice of appeal. The remaining documents are not in any chronological order. The index to the legal file does not list every document contained in the legal file, and an inaccurate page number is given for the petition. "The purpose of the legal file is to give the appellate court exact copies of the relevant documentary record necessary to decide the issues on appeal and to facilitate the accessibility of these documents." *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 516 (Mo.App.1998). *See also Krastanoff v. Williams*, 231 S.W.3d 205, 206 (Mo.App. 2007). Without a proper record on appeal, this court has nothing to review. *Krastanoff*, 231 S.W.3d at 206.

*Conclusion*

For the reasons set out above and fully explained in *Blackburn*, the brief and legal file are inadequate to invoke the jurisdiction of this court and preserve nothing for review. The appeal is dismissed.