

# Missouri Court of Appeals

## Southern District

### Division Two

EUGENE RACHINSKY,                     )
                                      )
    Claimant-Appellant,          )
                                      )
    vs.                          )    Nos. SD34431 & 34432
                                      )
U.S. POSTAL SERVICE,                  )    Filed:  November 9, 2016
                                      )
    Employer-Respondent,         )
                                      )
and MISSOURI DIVISION OF              )
EMPLOYMENT SECURITY,                  )
                                      )
    Respondent.                  )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### **APPEALS DISMISSED**

Eugene Rachinsky ("Claimant"), who is proceeding *pro se*, appeals two decisions of the Labor and Industrial Relations Commission (the "Commission").  In these decisions, the Commission adopted decisions of the Appeals Tribunal that concluded (1) Claimant was disqualified for unemployment benefits because he voluntarily left employment with the United States Postal Service without good cause attributable to his work or to his employer, and (2) Claimant, because he willfully failed to report earnings and willfully failed to disclose or falsified disqualification facts, was overpaid $2,800 in

1

unemployment benefits and should be assessed an overpayment penalty in the amount of $700. We dismiss Claimant's appeals because Claimant's initial brief substantially fails to comply with Rule 84.04, Missouri Court Rules (2016), and we are unable to provide any meaningful review of the Commission's decisions without becoming an advocate for Claimant.

Claimant's statement of facts in his initial brief consists of three sentences and does not contain any reference to the portion of the record that supports the facts stated as required by Rule 84.04(a)(3) and (c).

Claimant's "points" relied on do not (1) identify any administrative ruling or action that Claimant is challenging, (2) state any legal reason for a challenge to an administrative ruling or action, or (3) explain why a legal reason supports a challenge of an administrative ruling or action as required by Rule 84.04(a)4) and (d)(2) and (5).

Claimant's argument consists of six sentences, and does not contain any standard of review or references to the portion of the record that supports asserted facts as required by Rule 84.04(e). The argument also does not reference or discuss any legal authority.

> [P]ro se appellants [are held] to the same standards as attorneys. *Smith v. City of St. Louis Civil Service Com'n*, 216 S.W.3d 698, 699 (Mo.App.2007); *Kramer v. Park–Et Restaurant, Inc.*, 226 S.W.3d 867, 869 (Mo.App.2007); *McGill v. Boeing Co.*, 235 S.W.3d 575, 577 (Mo.App.2007). All appellants must comply with the Supreme Court Rules, including Rule 84.04, which governs the contents of appellate briefs. *Smith*, 216 S.W.3d at 699. We are mindful of the problems that a *pro se* litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a *pro se* appellant preferential treatment with regard to complying with the rules of appellate procedure. *Kramer*, 226 S.W.3d at 869: *McGill*, 235 S.W.3d at 577. A brief that substantially fails to comply with Rule 84.04 is inadequate to invoke the jurisdiction of this court and must be dismissed. *Smith*, 216 S.W.3d at 699. Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal."

*Waller v. A.C. Cleaners Management, Inc.*, 371 S.W.3d 6, 9 (Mo.App. E.D. 2012)

(quoting *Covington v. Better Business Bureau*, 253 S.W.3d 95, 97 (Mo.App. E.D.

2008)).  For a point relied on under Rule 84.04(d)(2):

> The "challenged ruling or action" refers to an action taken by the agency. The legal reason for the error must refer to the applicable statute authorizing review.  In unemployment compensation cases, this means that the error must explicitly refer to one of the four statutory grounds for reversal set out in section 288.210 RSMo (2000).[] *Parker v. Action Contracting Corp.*, 100 S.W.3d 168, 171 (Mo.App.2003).  Finally, the point must "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."  Rule 84.04(d)(2)(C).  It should provide insight into the facts of the case that support a claim of an error in the administrative agency ruling or action. *Henson v. Henson*, 195 S.W.3d 479, 483 (Mo.App.2006).  It must inform the court why the testimony or evidence supports a conclusion that the agency erred.  *Id.*

*Id*. at 10-11 (footnote omitted).  A point relied on also must include a list of legal

authorities on which a party principally relies.  Rule 84.04(d)(5).  "'Insufficient points

relied on preserve nothing for appellate review and constitute grounds for dismissal.'"

*Waller*, 371 S.W.3d at 11 (quoting *Parker v. Action Contracting Corporation*, 100

S.W.3d 168, 171 (Mo.App. W.D. 2003)).

Further, an argument under a point "preserves nothing for review" when it fails

"to cite relevant authority supporting the point or to explain the failure to do so."

*Covington*, 253 S.W.3d at 97 (citation and quotation omitted).

> We should not be expected to decide this case on the basis of inadequate briefing or to undertake additional research and scour the record to cure such a deficiency.  *Davis [v. Coleman]*, 93 S.W.3d [742,] 743[ Mo.App. E.D. 2002], citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).  Furthermore, we will not become an advocate for Claimant by speculating about the relevant facts and arguments he failed to make. *Kramer*, 226 S.W.3d at 870.  While perfection is not required, compliance with the briefing requirements pursuant to Rule 84.04 is mandatory.  *Id*. Here, the deficiencies of Claimant's amended briefs are so substantial, we could not conduct any meaningful review without taking an inappropriate

position of ferreting out and reconstructing the facts of the case, speculating about the possible claims of error, and crafting an argument on Claimant's behalf. *See Id.*

*Waller*, 371 S.W.3d at 11-12 (quoting *McGill v. The Boeing Company*, 235 S.W.3d 575, 578 (Mo.App. E.D. 2007)).

Claimant's appeals are dismissed.

Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, P.J. - Concurs

William W. Francis, Jr., J. - Concurs