Angela T. Quigless, J.
*531 Christopher Chatman ("Movant") appeals pro se from the motion court's denial of his Rule 29.15[1] motion for post-conviction relief due to abandonment, and the denial of his motion for change of judge. In Point I, Movant argues the motion court clearly erred in denying his motion for post-conviction relief due to a conflict of interest in which abandonment resulted, without an abandonment hearing. In Point II, Movant argues the motion court abused its discretion in denying his motion for change of judge due to an inherent conflict of interest and/or meeting of the minds between the judge and post-conviction counsel. We affirm the judgment as to Point I. We dismiss Point II for failure to comply with the mandatory briefing requirements of Rule 84.04.
Factual and Procedural History
Following a jury trial, Movant was convicted of first-degree assault, in violation of Section 565.050;[2] armed criminal action, in violation of Section 571.015; and victim tampering, in violation of Section 575.270.2. Movant was sentenced to consecutive terms of thirty years for the assault conviction, thirty years for the armed criminal action conviction, and seven years for the victim tampering conviction. This Court affirmed the convictions and sentences on direct appeal. State v. Chatman , 149 S.W.3d 544 (Mo. App. E.D. 2004).
On January 26, 2005, Movant filed a pro se Rule 29.15 motion for post-conviction relief.[3] On April 5, 2005, post-conviction counsel entered her appearance and requested additional time to file an amended motion, which the motion court granted. One month later, post-conviction counsel timely filed a statement in lieu of filing an amended motion along with a request for an evidentiary hearing. The statement provided, in relevant part:
Undersigned counsel has reviewed the record in St. Louis City Cause Number 021-2396, including the transcript and legal file, as well as information supplied by Movant;
Undersigned counsel has investigated all allegations raised by Movant, in addition to those in Movant's pro se motion, and concluded, prior to the date that Movant's amended motion would be due, that there are no additional cognizable grounds to raise before this Court;
Undersigned counsel has consulted Movant, and Movant wishes to proceed on his pro se motion[.]
The statement included Movant's signature. Thereafter, the motion court granted post-conviction counsel's request for an evidentiary hearing on the following claims: failure to call Movant's girlfriend as an alibi witness, failure to obtain discovery of prior convictions of witnesses for the State, and a purported conflict of interest regarding defense counsel and Movant's girlfriend. The motion court denied an evidentiary hearing as to Movant's remaining claims.
On the day of the evidentiary hearing, post-conviction counsel filed a memorandum *532 waiving the three claims for which the motion court granted the evidentiary hearing and submitting the Movant's remaining claims as pled in his pro se motion for post-conviction relief. Thereafter, the motion court entered its findings of fact and conclusions of law, denying Movant's post-conviction relief motion. This Court affirmed the motion court's judgment on appeal. Chatman v. State , 242 S.W.3d 445 (Mo. App. E.D. 2007).
On August 8, 2017, Movant filed a motion for post-conviction relief due to abandonment pursuant to Rule 29.15 based on an actual conflict of interest in which abandonment resulted. Movant alleged post-conviction counsel, "without movant's knowledge and voluntary consent filed a motion with this court waiving the exact claims that movant was subsequently granted a hearing on." Thus, Movant was abandoned by post-conviction counsel because he was deprived of a meaningful review of his claims. Movant alleged post-conviction counsel's actions were motivated by "[m]aybe hatred of movant, numerous disagreements, the fact that [post-conviction counsel] didn't want to be on movant's case anymore, and even counsel's desire to leave the state." Additionally, Movant filed a motion for change of judge, arguing there was an "[inherent] conflict of interest and meeting of the minds" between post-conviction counsel and the motion court judge because the judge allowed post-conviction counsel to waive the claims without questioning counsel's actions or inquiring into Movant's knowledge of the waiver.
The motion court subsequently entered the following judgment and order: "Movant-defendant's successive motion for relief under Rule 29.15 on the ground of abandonment is denied and dismissed with prejudice. The Court file conclusively refutes the claim of abandonment based on counsel's submitting pro se claims without evidentiary hearing." The motion court also ordered:
Movant Chatman has filed a motion to recuse the Court, apparently by way of attacking the statement in lieu of amended motion and waiver of evidentiary hearing on Chatman's motion under Rule 29.15, filed in 2005, heard and disposed by this Court in 2006, with affirmance by the Court of Appeals in 2008. There are no grounds whatever for recusal and movant is not entitled to an automatic change of judge. The Court's file reflects no abandonment by PCR counsel. The motion to recuse is DENIED.
Movant now appeals.
Points Relied On
In Point I, Movant argues the motion court clearly erred when it denied his motion for post-conviction relief due to a conflict of interest in which abandonment resulted, without an abandonment hearing because a review of the record leaves a definite and firm impression that Movant was in fact abandoned at the hearing stage of his post-conviction relief proceeding as a result of a conflict of interest between Movant and post-conviction counsel, who deprived Movant of a meaningful review of claims he actually was granted a hearing on. In Point II, Movant argues the motion court abused its discretion and/or erred when it denied his motion for change of judge due to an inherent conflict of interest and/or meeting of the minds between the judge and post-conviction counsel.
Discussion
Point I-Abandonment
In Point I, Movant argues the motion court clearly erred when it denied his motion for post-conviction relief due to a conflict of interest in which abandonment resulted, without an abandonment hearing *533 because a review of the record leaves a definite and firm impression that Movant was in fact abandoned at the hearing stage of his post-conviction relief proceeding as a result of a conflict of interest between Movant and post-conviction counsel, who deprived Movant of a meaningful review of claims he actually was granted a hearing on.
A. Standard of Review
Appellate court review of the motion court's action on a Rule 29.15 motion "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); see also Joyner v. State , 421 S.W.3d 580, 581 (Mo. App. E.D. 2014). Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made. Eastburn v. State , 400 S.W.3d 770, 773 (Mo. banc 2013).
B. Analysis
Rule 29.15 proceedings for post-conviction relief are governed by the rules of civil procedure. Rule 29.15(a); Edgington v. State , 189 S.W.3d 703, 706 (Mo. App. W.D. 2006). Under Rule 75.01, the trial court retains jurisdiction to "vacate, reopen, correct, amend, or modify" a civil judgment only for thirty days following its entry. A narrow exception to this rule allows a post-conviction court to retain jurisdiction beyond the thirty days where facts are pleaded constituting a claim of abandonment by post-conviction counsel. Sittner v. State , 405 S.W.3d 635, 638 (Mo. App. E.D. 2013). Here, the motion court denied Movant's motion on the basis of Rule 29.15(l), which precludes it from entertaining successive motions. A valid claim of abandonment by post-conviction counsel creates an exception to Rule 29.15(l). Hill v. State , 193 S.W.3d 390, 392 (Mo. App. S.D. 2006) (citing Luleff v. State , 807 S.W.2d 495, 498 (Mo. banc 1991) ).
Abandonment by post-conviction counsel occurs when counsel takes no action on a movant's behalf with respect to filing an amended motion, and, as such, the record shows the movant is thereby deprived of a meaningful review of his claims; or when counsel is aware of the need to file an amended motion and fails to do so in a timely manner. Taylor v. State , 254 S.W.3d 856, 858 (Mo. banc 2008) ; Barton v. State , 486 S.W.3d 332, 338 (Mo. banc 2016). "[I]f there is no record of any activity by the counsel on the movant's behalf," the motion court shall inquire, sua sponte , into the performances of both movant and counsel. Howard v. State , 302 S.W.3d 739, 742 (Mo. App. E.D. 2010). Counsel who files a statement in lieu of an amended motion, pursuant to Rule 29.15(e), is not considered to have abandoned the movant as long as the record demonstrates counsel reviewed the record and investigated all allegations raised by the movant. Pennell v. State , 467 S.W.3d 367, 372 (Mo. App. E.D. 2015). Rule 29.15(e) provides, in relevant part:
If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing.
When counsel files a proper statement in lieu of an amended motion, the motion court is not required to make a sua sponte inquiry into the parties' performances. Pennell , 467 S.W.3d at 372.
First, in arguing there was a conflict of interest between Movant and post-conviction counsel, which resulted in *534 abandonment, Movant fails to allege any facts demonstrating the existence of a conflict of interest. An argument should advise the appellate court how principles of law and the facts of the case interact. Rule 84.04(e); Washington v. Zinn , 286 S.W.3d 828, 831 (Mo. App. E.D. 2009). Here, Movant's argument contains only a bare conclusion that a conflict of interest existed without linking the conclusion to specific evidence in the record and without providing any rationale supporting the conclusion.[4] See Washington v. Blackburn , 286 S.W.3d 818, 821 (Mo. App. E.D. 2009). An argument that fails to comply with Rule 84.04(e) preserves nothing for appeal. Id. at 822.
Second, even if a conflict of interest existed, there is no evidence that the conflict would constitute "abandonment," as defined by our appellate courts. The record conclusively establishes that post-conviction counsel timely filed a statement in lieu of filing an amended motion, as permitted by Rule 29.15(e). On April 5, 2005, post-conviction counsel entered her appearance and requested additional time to file an amended motion. One month later, post-conviction counsel timely filed the statement in lieu of filing an amended motion. The statement provided, in relevant part:
Undersigned counsel has reviewed the record in St. Louis City Cause Number 021-2396, including the transcript and legal file, as well as information supplied by Movant;
Undersigned counsel has investigated all allegations raised by Movant, in addition to those in Movant's pro se motion, and concluded, prior to the date that Movant's amended motion would be due, that there are no additional cognizable grounds to raise before this Court;
Undersigned counsel has consulted Movant, and Movant wishes to proceed on his pro se motion[.]
The statement included Movant's signature, indicating counsel presented it to Movant prior to filing. Because post-conviction counsel reviewed the record in the underlying case, investigated all allegations raised by Movant, determined there were no additional grounds to be raised, and presented the statement to Movant prior to filing, counsel complied with the requirements of Rule 29.15(e) and provided a meaningful review of Movant's claims. See Pennell , 467 S.W.3d at 372 ; Howard , 302 S.W.3d at 742 (finding movant was not abandoned by post-conviction counsel because the statement in lieu of an amended motion stated counsel reviewed the record in the underlying case, investigated all allegations raised by the movant, and concluded there were no additional grounds to be raised). As such, the trial court did not err by failing to inquire, sua sponte , into post-conviction counsel's performance.
Movant contends post-conviction counsel "fraudulently" waived the claims for which he was granted an evidentiary hearing, and such actions were due to the alleged conflict between Movant and counsel. However, there is no recognized constitutional right to counsel in a post-conviction proceeding, and, as a result, "a post-conviction movant has no right to effective assistance of counsel." Winfield v. State , 93 S.W.3d 732, 738 (Mo. banc 2002).
*535 Appellate courts must review claims of abandonment carefully to ensure the true claim is one of abandonment and not one of ineffective assistance of post-conviction counsel. Middleton v. State , 200 S.W.3d 140, 143 (Mo. App. W.D. 2006). Here, Movant's allegation that post-conviction counsel "fraudulently" waived claims in his pro se motion is essentially a claim of ineffective assistance of post-conviction counsel. See Simmons v. State , 240 S.W.3d 166, 172 (Mo. App. W.D. 2007) (a claim that counsel failed to include a possible post-conviction claim in the amended motion is more accurately characterized as an allegation of ineffective assistance of post-conviction counsel). Claims of ineffective assistance of post-conviction counsel do not constitute abandonment. Robinson v. State , 211 S.W.3d 162, 162-63 (Mo. App. E.D. 2007). Such claims are, in fact, "categorically unreviewable." Gehrke v. State , 280 S.W.3d 54, 58 (Mo. banc 2009). Movant cannot escape the prohibition against successive Rule 29.15 motions by characterizing a claim of ineffective assistance of counsel as abandonment.
Accordingly, we find the motion court did not err in denying Movant's motion for post-conviction relief due to abandonment because Movant failed to allege any facts supporting his argument that a conflict of interest existed between Movant and post-conviction counsel, in violation of Rule 84.04(e). Furthermore, the record conclusively refutes that post-conviction counsel failed to comply with Rule 29.15(e), and, thus, Movant was not abandoned. Point I is denied.
Point II-Motion for Change of Judge
At the outset, we find Movant's Point II is deficient as it fails to comply with the mandatory briefing requirements of Rule 84.04. This Court holds pro se appellants to the same standards as attorneys. Green v. Green , 445 S.W.3d 642, 645 (Mo. App. E.D. 2014). Accordingly, pro se appellants must substantially comply with Supreme Court Rules, including Rule 84.04, which set forth mandatory rules for appellate briefing. Id. "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant pro se appellants preferential treatment with regard to their compliance with those procedural rules." McGill v. Boeing Co. , 235 S.W.3d 575, 577 (Mo. App. E.D. 2007). Failure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal. Lueker v. Mo. W. State Univ. , 241 S.W.3d 865, 867 (Mo. App. W.D. 2008).
Movant's Point II violates Rule 84.04(e) because it fails to set forth the applicable standard of review, presents no legal argument, and contains no citations to relevant legal authority. Movant's argument does not provide the applicable standard of review for the denial of a motion for change of judge as required by Rule 84.04(e). Nor does the argument "explain why, in the context of the case, the law supports the claim of reversible error." In re Marriage of Fritz , 243 S.W.3d 484, 487 (Mo. App. E.D. 2007). As discussed supra , "[t]he argument should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case." Johnson v. Buffalo Lodging Assocs. , 300 S.W.3d 580, 582 (Mo. App. E.D. 2009). If a party fails to support a contention with relevant authority or argument beyond conclusions, the point is considered abandoned. Beck v. Moore , 199 S.W.3d 797, 798 (Mo. App. E.D. 2006). Here, Movant merely concludes that because the judge never questioned post-conviction counsel's waiver of the claims, there was an "[inherent] conflict of interest, a meeting of the minds [between the judge and post-conviction counsel], bias and prejudice on the part of *536 the judge," which rises to the level of a due process violation. However, Movant fails to point to any specific evidence or testimony in the record, other than the judge's failure to question the waiver, demonstrating a factual basis to support his claim that there was a conflict of interest, that the judge was biased, or that Movant was prejudiced. See Washington , 286 S.W.3d at 821.
Moreover, Movant's point contains no citations to relevant legal authority. "Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for review." Thornton v. City of Kirkwood , 161 S.W.3d 916, 920 (Mo. App. E.D. 2005). Here, Movant only cites to one case, which he relies on to explain the procedure of filing a motion to recuse. However, Movant fails to provide any authority advising this Court of the legal grounds that would support the disqualification of a judge. Nor does Movant provide any legal authority to support his argument that the judge should be disqualified for failing to question counsel's waiver of claims in his pro se motion. We decline to address arguments that are not sufficiently developed as it would require this Court to "assume the role of advocate for a party by attempting to develop an appellate argument the party has failed to set forth itself," which, in turn, "would run the risk of creating poor precedent and manipulating the adversarial process." Rodieck v. Rodieck , 265 S.W.3d 377, 385 (Mo. App. W.D. 2008) (internal citations omitted). As such, Movant's failure to comply with Rule 84.04(e)'s requirements is grounds for dismissing his point on appeal. See Duncan-Anderson v. Duncan , 321 S.W.3d 498, 500 (Mo. App. E.D. 2010). Point II is dismissed.
Conclusion
We affirm the motion court's judgment as to Point I. We dismiss Point II for failure to comply with the mandatory briefing requirements of Rule 84.04.
Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J. concur.

All rule references are to Missouri Supreme Court Rules (2016) unless otherwise indicated.

All further statutory references are to RSMo (2000), unless otherwise indicated.

The motion court "detect[ed]" eighteen claims of error, noting they were not "always easily deciphered."

Although not in his appellate brief, Movant alleged in his motion for post-conviction relief that counsel's actions were motivated by "[m]aybe hatred of movant, numerous disagreements, the fact that [post-conviction counsel] didn't want to be on movant's case anymore, and even counsel's desire to leave the state." However, again, this is merely a bare, speculative conclusion, which is unsupported by any specific evidence or testimony in the record. See Washington , 286 S.W.3d at 821.