

# In the Missouri Court of Appeals
# Eastern District

**DIVISION THREE**

| | | |
|---|---|---|
| ROLANDA PEARSON | ) | No. ED107637 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEYSTONE TEMPORARY | ) | Appeal from the Labor and |
| ASSIGNMENT GROUP, INC., | ) | Industrial Relations Commission |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: September 17, 2019 |

## OPINION

The claimant, Rolanda Pearson, appeals from the decision of the Labor and Industrial Relations Commission finding her disqualified from receiving unemployment compensation benefits. Ms. Pearson's employment with employer Keystone Temporary Assignment Group, Inc., ended in September of 2018, and she filed for unemployment. The deputy, then the Appeals Tribunal, and then ultimately the Commission all denied her claim. Adopting the decision of the Appeals Tribunal as its own, the Commission unanimously determined that Ms. Pearson was disqualified because she voluntarily quit work without good cause attributable to work or the employer. Ms. Pearson now appeals to this Court, seeking reversal of the Commission's decision.

Because Ms. Pearson failed to substantially comply with the rules of appellate procedure, we dismiss the appeal.

### *Discussion*

Ms. Pearson appears on her own behalf, without the assistance of an attorney. She has the right to do so. *Kramer v. Park-Et Restaurant, Inc.*, 226 S.W.3d 867, 869 (Mo. App. E.D. 2007). "We cannot and will not penalize [Ms. Pearson] for not utilizing the assistance of an attorney; but likewise, we cannot and will not lend [her] any assistance in prosecuting her appeal because she is not represented by counsel." *Bishop v. Metro Restoration Servs., Inc*., 209 S.W.3d 43, 45 (Mo. App. S.D. 2006). "This is not a matter of our personal preference, but rather the demands placed upon us by our oaths of office, our commitment to uphold the rule of law, and the very nature of the adversarial process, which requires fair, impartial and disinterested decision makers." *Id*. "We would be true to none of these principles if we applied the law in one manner to litigants represented by counsel and then in a different manner to litigants that are not represented by counsel." *Id*. Accordingly, *pro se* appellants such as Ms. Pearson are bound by the same rules as a party represented by an attorney. *Kramer*, 226 S.W.3d at 869. They must comply with the Supreme Court Rules, including Rule 84.04, which sets out the requirements for appellate briefs. *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo. App. E.D. 2005). We do not grant *pro se* appellants preferential treatment regarding compliance with those rules. *Id*. This is not from lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties. *Id*.

Rule 84.04 requires an appellant's brief to have the following: (1) a detailed table of contents with page references and a table of cases and other authorities; (2) a jurisdictional statement; (3) a fair and concise statement of the facts; (4) a point relied on that identifies the ruling

2

challenged, sets forth concisely the legal reasons for the claim of error, explains why the reasons support a finding of error, and is followed by a list of legal authorities upon which the appellant relies; (5) an argument section that discusses the point relied on and contains, in part, the standard of review; and (6) a short conclusion. Rule 84.04(a)-(e); *Kramer*, 226 S.W.3d at 869. Additionally, all statements of fact and argument must have specific page references to the relevant portion of the record on appeal. Rules 84.04(c) and (e).

Compliance with the briefing requirements under Rule 84.04 is mandatory. *Kramer*, 226 S.W.3d at 870. This is to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted. *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo. App. W.D. 2007). Compliance with the rule also provides the appellate court with a more complete understanding of the relevant issues and allows the opposing party to develop counter arguments. *Lueker v. Missouri W. State Univ.*, 241 S.W.3d 865, 867 (Mo. App. W.D. 2008). Perfection is not required, but an appellant must substantially comply with the rules. *Id.* Failure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal. *Brown*, 211 S.W.3d at 147–48; Rule 84.13 (mandating that allegations of error not properly briefed shall not be considered in any civil appeal). Ms. Pearson failed to comply with Rule 84.04 in almost every respect. Most critically, her fact statement, point relied on, and argument are all deficient.

*Statement of Facts*

Rule 84.04(c) requires a fair and concise statement of facts "relevant to the question presented for determination without argument." "The primary purpose of the statement of facts is to set forth an immediate, accurate, complete and unbiased understanding of the facts of the case." *Rice v. State, Dept. of Social Servs.*, 971 S.W.2d 840, 842 (Mo. App. E.D. 1998). Ms. Pearson's

fact statement fails this essential purpose. Ms. Pearson's recitation of the facts consists of eight numbered paragraphs that are mostly procedural-related. The numbered paragraphs presume an understanding of the background and context of the case and of the parties. Standing alone they do not provide an immediate, accurate, or complete understanding of the facts of the case. Ms. Pearson fails to provide even a basic understanding of the case. An appellant must include facts relevant to the issues to be determined by this Court. *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo. App. E.D. 1998). Ms. Pearson omitted many, if not all of the relevant facts needed for review of this case. Most notably, Ms. Pearson did not inform us of the most basic of facts - the Commission's ruling that she had voluntarily quit without good cause. "Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review." *Id*. Ms. Pearson's failure to comply with Rule 84.04(c) is a sufficient basis to dismiss this appeal. *Thompson v. Thompson*, 786 S.W.2d 891, 892 (Mo. App. S.D. 1990).

*Point Relied On*

Ms. Pearson also failed to comply with Rule 84.04(d), which sets out the requirements for an appellant's points relied on. Her point is deficient in form and in substance.[1] A point must be in substantially the following form:

> "The [name of agency] erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review], in that [explain why, in the context of the case, the legal reasons support the claim of reversible error]."

Rule 84.04(d)(2)(c). Ms. Pearson did not conform to this "virtual roadmap" in drafting her point, which states:

---

[1] We presume Ms. Pearson's point is that set out in table of contents, and repeated as first paragraph in argument section. The "Points Relied On" section of her brief contains only a listing of three statutes.

> The Labor and Industrial Relations Commission (LIRC) erroneously affirmed The Appeals Tribunal's decision for disqualification of claimant for waiting week credit and unemployment benefits until the claimant has earned wages for insured work equal to ten time the claimant's WBA for a total of $3,200.00 in wages after 09/07/2018. The LIRC's decision was contrary to law and the facts found by the LIRC do not support the award because there was no sufficient competent evidence in the record to warrant the making of the award.

Ms. Pearson provides the challenged ruling and generally provides legal reasons – contrary to law and insufficient evidence – for her claim of error, but she does not tell us why, in the context of this case, those legal reasons support her claim of reversible error. A point relied on should provide insight into the facts of the case and the legal reasons why the Commission erred. *Waller v. A.C. Cleaners Mgmt., Inc.*, 371 S.W.3d 6, 10-11 (Mo. App. E.D. 2012). "The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues before it." *Jones v. Buck*, 400 S.W.3d 911, 915 (Mo. App. S.D. 2013)(internal quotation omitted). Ms. Pearson's purported point fails this essential purpose. She merely concludes that the Commission's decision was "contrary to law and the facts," and that "there was no sufficient competent evidence in the record to warrant the making of the decision." "Merely stating what errors are, without also stating why they are errors, neither complies with the rule nor preserves anything for review." *Jones*, 400 S.W.3d at 915. Failure to comply with Rule 84.04(d) is grounds for dismissal. *Mace v. Daye*, 17 S.W.3d 154, 156 (Mo. App. W.D. 2000).

*Argument*

Ms. Pearson also failed to comply with Rule 84.04(e), which governs the argument section of an appellant's brief. The argument section should contain, among other things, a statement of the applicable standard of review. Rule 84.04(e). Ms. Pearson provided none. Further, "[a]n argument must explain why, in the context of the case, the law supports the claim of reversible

error." Rule 84.04(e); *Washington v. Zin*, 286 S.W.3d 828, 831 (Mo. App. E.D. 2009). The argument should develop the claim of error by showing how the relevant principles of law and the facts of the case interact. *Hamilton v. Archer*, 545 S.W.3d 377, 380 (Mo. App. E.D. 2018); *Brown*, 211 S.W.3d at 147-48. Additionally, an appellant is obligated to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978).

Ms. Pearson provided no relevant citations to legal authority, and presented no legal argument. Ms. Pearson's argument consists of six numbered paragraphs. One is a restatement of her purported point relied on. In two of the paragraphs, Ms. Pearson complains about certain paperwork and the employer's attendance policy, but does not explain why these are relevant, or mandate reversal. In the remaining three paragraphs, Ms. Pearson restates conclusions reached by the Commission, and then again simply states, in conclusory fashion, that the Commission was wrong. She cites no legal authority, and provides no argument explaining for us why the Commission erred. She simply asserts that it did. She does not link the facts of her case to relevant law, and she does not explain why the law supports her contention that the Commission committed reversible error. We further note that due to the lack of argument and the imprecise nature of Ms. Pearson's claim, the Division in responding was left in the difficult position of answering any and all possible scenarios that it could conjure up. Because Ms. Pearson failed to cite relevant law and explain how it applies to the facts of her case, we are justified in considering her point abandoned and dismissing the appeal. *Brown,* 211 S.W.3d at 148.

*Page References*

6

Lastly, Ms. Pearson failed to comply with Rules 84.04(c) and (e), which require that all statements of facts as well as any factual assertions in the argument "have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Compliance with this requirement is mandatory and essential for the effective functioning of the appellate courts. *Lombardo v. Lombardo*, 120 S.W.3d 232, 247 (Mo. App. W.D. 2003). Providing these references allows this Court to verify the evidence upon which a party relies in support of their argument. *Id*. Ms. Pearson, however, provided no page references, either in her statement of facts or in her argument. We would have to comb through the record to determine whether the facts Ms. Pearson asserts throughout her brief are supported by the record. This would effectively require us to act as an advocate for Ms. Pearson, which we can not do. *See, e.g., Lombardo*, 120 S.W.3d at 247(declining review where party provided no page references to the legal file or transcript).

### *Conclusion*

"The function of the appellate court is to examine asserted error, not to serve as an advocate for any party on appeal." *Kramer*, 226 S.W.3d at 870 (internal quotation omitted). When an appellant, such as Ms. Pearson, files a brief that is not "in conformity with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, this Court is left with the dilemma of deciding the case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency." *Thummel*, 570 S.W.2d at 686. "Courts should not be asked or expected to assume such a role." *Id*. We cannot become advocates for an appellant by speculating about facts and arguments that have not been made. *Kramer*, 226 S.W.3d at 870. It is not the function of an appellate court to search the record to identify possible errors and research any issues so

revealed. *Id.* "If the appellate court must search the argument portion of the brief or the record on appeal to determine or clarify the nature of the asserted claims, the court may interpret the claims differently than the opponent or differently than was intended by the party asserting the claim." *Mace*, 17 S.W.3d at 156.

An appellate court prefers to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief. *Nicholson v. Transamerica Occidental Life Ins. Co.,* 144 S.W.3d 302, 308 (Mo. App. W.D. 2004). However, in some cases, a brief may be so deficient that it precludes appellate review. *Id.* And such is the case here. To conduct any meaningful review, this Court would be forced to shoulder the inappropriate burden of not only ferreting out and reconstructing the facts of the case, but also crafting Ms. Pearson's argument on appeal. In short, we are not able to conduct a review of this case without becoming Ms. Pearson's advocate. Consequently, because Ms. Pearson failed to substantially comply with Rule 84.04, we dismiss this appeal.

_____
Angela T. Quigless, J.

Mary K. Hoff, P.J., and Sherri B. Sullivan, J., concur.